```
 1  ARLENE PRATER, Bar No. 67191
    ALISON D. ALPERT, Bar No. 199257
 2  BEST BEST & KRIEGER LLP
    655 West Broadway, 15th Floor
 3  San Diego, CA  92101
    Telephone: (619) 525-1300
 4  Telecopier: (619) 233-6118
    Email:  Arlene.Prater@bbklaw.com
 5  Email:  Alison.Alpert@bbklaw.com
 6
    Attorneys for Defendant
 7  MORGAN SERVICES, INC., a Delaware
    corporation (erroneously named as an Illinois
 8  corporation)
```



FILED
08 MAY -2 PM 12:44
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:                    DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SWIMAN, individually and on behalf of all other persons similarly situated and on behalf of the general public,<br><br>Plaintiff,<br><br>v.<br><br>MORGAN SERVICES, INC., an Illinois corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br>Judge: **'08 CV 0806 WQH NLS**<br><br>NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. § 1441 (FEDERAL QUESTION AND DIVERSITY JURISDICTION)<br><br>Complaint Filed:    March 20, 2008 |

SDLIT\APRATER\364067.1

NOTICE OF REMOVAL OF ACTION TO FEDERAL
COURT PURSUANT TO 28 U.S.C. § 1441
Case No.:

## NOTICE OF REMOVAL

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that Defendant Morgan Services, Inc. ("Morgan Services") hereby removes to this Court the State Court action described below based on federal question and diversity of citizenship jurisdiction.

### BACKGROUND

1.  On or about March 20, 2008, an action was commenced in the Superior Court of the State of California for the County of San Diego, entitled *William Swiman, individually and on behalf of all other persons similarly situated and on behalf of the general public v. Morgan Services, Inc., an Illinois corporation; and Does 1 through 100, inclusive*, Case No. 37-2008-00080260-CU-OE-CTL (the "Action"). True and correct copies of all pleadings, process, and orders served or filed in the Action are attached to the Notice of Lodgment ("NOL") filed herewith; Exhibit "A" to NOL is a copy of the Complaint.

2.  On April 2, 2008, Morgan Services acknowledged and accepted service of process of the Summons and Complaint in the Action. (Exhibit "E" to NOL.)

3.  The Action asserts claims on behalf of named Plaintiff William Swiman and a putative class of current and former California employees of Morgan Services. As alleged in the Complaint, the class action seeks:

> "unpaid overtime and double-time compensation and interest thereon; compensation for missed meal and rest periods, compensation for failure to furnish accurate wage statements, waiting time penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs...and injunctive relief and restitution on behalf of all benefits Defendants have enjoyed from their failure to pay overtime and double-time compensation, [and] their failure to provide adequate meal and rest breaks, under Business and Professions Code §§ 17200 et seq."

(Complaint ¶ 1.)

### THE COURT HAS FEDERAL QUESTION JURISDICTION

4.  This Court has original jurisdiction over the Action under 28 U.S.C. section 1331 and the Action is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441, in that it is a civil action arising under a federal statute, 49

U.S.C. section 504, and the implementing regulations, 49 C.F.R. section 395.1 et seq. The Complaint alleges that Plaintiff's wages and hours are regulated by the California Industrial Welfare Commission Wage Order No. 6-2001, including the employees' status as "non-exempt" employees, their days and hours of work and meal and rest breaks. (Complaint ¶ 2.) From this statement it is clear that one of the elements of Plaintiff's claims is that the drivers were in fact regulated by Wage Order No. 6-2001.

5.    However, Wage Order No. 6-2001, Section 3 (J), specifically provides that the "Hours and Days of Work" provisions of Wage Order No. 6-2001, "are not applicable to employees whose hours of service are regulated by: (1) the United States Department of Transportation Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, Hours of Service Drivers."

6.    To establish his claims, Plaintiff must prove that the Wage Order is applicable. In particular, to prove his first cause of action for failure to pay overtime and double-time Plaintiff must prove he, as a Morgan Services driver (a "Service Representative", see Declaration of Glenn Teixeira in Support of Motion filed herewith ("Teixeira Decl.") ¶ 4), is not regulated by the Department of Transportation, Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, *Hours of Service Drivers.*

7.    Plaintiff's first cause of action requires a determination of whether Wage Order No. 6-2001 is applicable and therefore it is a prerequisite to that determination to determine whether the drivers are regulated by 49 C.F.R. sections 395.1 et seq. (authorized by 49 U.S.C. section 504), which requires resolution of a significant question of federal law, i.e. whether Plaintiff Swiman worked in interstate commerce, and meets the criteria specified in the regulations under the federal statutes. Regulation of highway safety in interstate commerce is a substantial federal interest expressed in the Motor Carrier Safety provisions of 49 U.S.C. section 31501 et seq., meriting a federal forum to amply and uniformly promote that interest.

8.    Plaintiff and the Service Representatives, deliver some specially ordered garments, mats and linen, specifically customized to the requirements of many of Defendant's customers, where such deliveries constitute the last leg of a continuous interstate transit originating at an out-

of-state manufacturing facility. Such merchandise is ordered from the manufacturer, specifically for the customer and its individualized requirements, including uniforms with individual employees' names affixed and in the sizes of such individuals, and door mats with the customer's name or logo imprinted. (Teixeira Decl. ¶ 6.) Thus, such Service Representatives are engaged in interstate commerce and subject to federal regulation. See *Reich v. American Drivers Serv.*, 33 F.3d 1153, 1155, n.3 (9th Cir. 1994). *Long Beach Banana Dist. v. Atchison T.&S.F.Ry. Co.*, 407 F.2d 1173 (9th Cir. 1969).

9.  Courts have found that "[u]nder the 'well-pleaded complaint' rule, the federal question, which invokes federal jurisdiction, must appear from the complaint and not from any federal defense [including preemption] the defendant might raise to defeat the claim." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir. 1986) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 10 (1983)). The federal question at issue here, whether Plaintiff is regulated by federal law, is not raised as a defense. Plaintiff has pleaded and must prove his days and hours of work are regulated by Wage Order 6-2001 which necessarily depends on whether drivers are subject to the Department of Transportation regulations because if they are, the provisions are inapplicable. Therefore, Plaintiff's first cause of action requires resolution as an essential element of the claim of a significant and substantial federal question – whether Plaintiff is regulated as a driver by federal law rather than the state Wage Order. The first cause of action thus arises under federal law and this action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. section 1441. The Court has supplemental jurisdiction under 28 U.S.C. section 1367 over the remaining related causes of action brought under state law.

## THE COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION UNDER 28 U.S.C. § 1332(a)

10.  The Court has original jurisdiction over the Action under 28 U.S.C. section 1332(a) because, the controversy is between real parties in interest who are citizens of different states (California for the named Plaintiff and Delaware and Illinois for Morgan Services), and the amount in controversy exceeds the sum of $75,000 for the named Plaintiff, exclusive of interest and costs. The Action is one which may be removed to this Court by Defendant pursuant to 28

U.S.C. 1441, as Defendant is not a citizen of California, the State in which the Action was brought. There would be less than 100 members of the putative class. (Teixeira Decl. ¶ 7.)

### THE PARTIES HAVE DIVERSITY OF CITIZENSHIP

11.   Complete diversity of citizenship exists between Plaintiff and Defendant because:

(a)   As alleged in the Complaint, named Plaintiff Wiliam Swiman is a resident and citizen of the State of California. (Complaint ¶¶ 9, 10.)

(b)   Morgan Services is incorporated in Delaware. Morgan Services' corporate headquarters are in Illinois and it conducts approximately 13% of its business in that state. Morgan Services conducts the majority of its business, approximately 30%, in Ohio. (Teixeira Decl. ¶ 3.) Morgan Services therefore is a citizen of Delaware and Illinois. 28 U.S.C. section 1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business").

12.   There are no other named parties identified in the Action, and the citizenship of the unidentified "Does" must be disregarded for purposes of removal jurisdiction. 28 U.S.C. section 1441(a) ("the citizenship of defendants sued under fictitious names shall be disregarded").

### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 FOR THE NAMED PLAINTIFF

13.   Plaintiff fails to specify a damages sum. However, this Court may consider whether it is "facially apparent" from the Complaint that the jurisdictional amount is in controversy. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

14.   Plaintiff's hourly wage was $10.91 during the eighteen (18) weeks in which he worked for Morgan Services. (Teixeira Decl. ¶ 7.) The Complaint alleges claims for missed meal and break periods, for which a penalty in the amount of one hour's pay is assessed for each missed meal and each missed break for each day worked in the eighteen (18) weeks Plaintiff worked for Morgan Services, which could reach $1,963.80. (Declaration of Arlene Prater ("Prater Decl.") ¶ 4A.) The Complaint also seeks unpaid overtime wages calculated at the overtime rate (one and a half times the hourly rate) for an estimated twenty (20) hours per week for eighteen (18) weeks for a total of $5,893.20, as well as ten (10) hours of unpaid overtime at double-time, for hours worked in excess of twelve (12) hours per shift for a total of $3,927.60

(Prater Decl. ¶¶ 4C, D). Moreover, claims for waiting time penalties, which is a full day's pay for each day wages were due but were not paid, could be up to a maximum of thirty (30) days which totals $2,618.40, using an eight-hour (8) work day. (Prater Decl. ¶ 4E). Additionally, Plaintiff seeks a penalty for eighteen (18) weeks of failing to provide wage statements with hours worked ($50 first week and $100 for each subsequent pay period), which would total $1,750.00 in damages. (Prater Decl. ¶ 4B). The potential total for Plaintiff's alleged Wage Order and Labor Code violations therefore totals $16,153.00.

15. Plaintiff also seeks restitution for a Business and Professions Code violation for unlawful and unfair business practices under Section 17200 et seq. The estimated restitution for such a claim is $16,153.00 based on the totals for claims for unpaid wages, missed meals and breaks and penalties as set forth above. (Prater Decl. ¶ 4F.)

16. Attorneys' fees for this Action will cause the named Plaintiff's amount in controversy to exceed the $75,000 amount in controversy requirement. The putative class cannot satisfy the certification requirements of Federal Rules of Civil Procedure, Rule 23(b)(3), providing that a class be certified only where questions of law or fact common to members of the class predominate and a class action is superior to other available methods for fairly and efficiently adjudicating the case. Therefore, all potential attorneys' fees in this Action may properly be assessed to the named Plaintiff as only his individual claim will survive.

17. The putative class of Morgan Services Service Representatives is not proper for certification based on *Brown v. Federal Express Corp.*, 2008 WL 906517 (C.D. 2008) where a putative class of delivery drivers sought certification of their class claims for missed meal and break periods under California law. The court held that "Plaintiffs may prevail only if they demonstrate that FedEx's policies deprived them of those breaks. Any such showing will require substantial individualized fact finding." *Id.* at *6. The court further determined that the drivers' duties varied significantly, and that the ability to take breaks and meal periods were affected by the differences in job duties. These job duty differences included the number of stops made by different types of drivers, which varied between one hundred (100) and twelve (12) stops per day, and well as the distances traveled by each driver, the different ebbs and flows in drivers' work

days as well as differences in delivery deadline times. Based on these factual differences, the court stated:

> "Plaintiffs propose no method of common proof that would establish that FedEx's policies prevent drivers from taking required breaks, regardless of their individual circumstances. Although Plaintiffs assert in the Complaint that FedEx's policies put such pressure on drivers that they cannot take required breaks, they propose no means of proving this claim on a class-wide basis. The Court thus concludes that the highly individualized factual inquiries just described predominate over the few legal and factual issues shared by the proposed class." *Id.* at 7.

The fact that individual issues of fact predominated the case, also led the court to conclude that the class action was not the superior method of adjudication, as required by Rule 23(b)(3) because the individual issues of fact render the class action unmanageable. *Id.* at *8. Therefore, class certification was denied.

18. As in *Brown*, the putative class of Morgan Services drivers is not proper for certification. The job duties and schedules vary to the extent that individual questions of fact will predominate over their class claims. Morgan Services drivers make anywhere from four (4) to twenty-five (25) stops per shift, and drove anywhere between fifteen (15) miles to two hundred (200) miles during a shift. (Teixeira Decl. ¶¶ 9A, B.) The distances between each delivery can also vary between the stops being directly next door to each other or to being more than ten (10) miles apart. The hours in which they worked varied as their start times ranged from 3:00 a.m. to 8:30 a.m. (Teixeira Decl. ¶¶ 9C, D.) The time deadline differences between drivers vary as it depends on the needs of the customers, and the time sensitivity of deliveries can also vary from day to day for each individual driver. (Teixeira Decl. ¶ 9E.) Moreover, the number of times the drivers must return to the home location to pick up additional product or drop of a load of soiled products vary between each driver as well as for each individual driver on a daily basis based on the needs of the customers. (Teixeira Decl. ¶ 9F.) The volume of product and the number of stops made by each driver may vary on a daily basis due to variance in the customer demand, and unexpected additional deliveries may be necessary during any given shift. (Teixeira Decl. ¶ 9G.) It is these individualized facts that a Service Representative would use to claim that they were precluded by Defendant's policies from taking meal and break periods. Additionally, the putative

class claims they worked overtime for which they were not compensated. This would also necessarily involve significant individualized factual issues which would predominate. The Court would in essence be required to conduct mini-trials for each Plaintiff, which the Court recognized in *Brown* made it inappropriate for class certification. There is no way to make these determinations on a class-wide basis as held by the court in *Brown*. Therefore, the class will not be certified.

19. Because the class is not certifiable, the attorneys' fees for Plaintiff to pursue his individual claims would exceed $75,000. (Prater Decl. ¶6.) The attorneys' fees combined with the estimated damages for Plaintiff's Wage Order and Labor Code alleged violations and restitution for the Business and Professions Code alleged violation cause the amount in controversy to exceed the $75,000 requirement.

MORGAN SERVICES HAS COMPLIED WITH THE REQUIREMENTS FOR REMOVAL

20. Morgan Services has filed this Notice of Removal within thirty (30) days of April 2, 2008, the effective date of service of the initial pleading in the Action. *See* 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 348 (1999) (30-day removal period runs from formal service of summons and complaint).

21. Morgan Services has given written notice of the filing of this Notice of Removal to the parties and has filed a copy of the Notice and supporting papers with the Clerk of the San Diego County Superior Court, as required by 28 U.S.C. section 1446(d).

22. Morgan Services has properly removed the Action to this Court under 28 U.S.C. section 1441, because the United States District Court for the Southern District of California embraces the place where the Action was pending.

23. Morgan Services reserves, and does not waive, any objection it may have to service, jurisdiction, or venue, and any and all other defenses or objections to the Action.

////
////
////
////

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

## CONCLUSION

24. WHEREFORE, further proceedings in the Action should be discontinued, and the Action should be removed to the United States District Court for the Southern District of California.

Dated: May 2, 2008

BEST BEST & KRIEGER LLP

By: _____
ARLENE PRATER
ALISON D. ALPERT
Attorneys for Defendant
MORGAN SERVICES, INC.

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
WILLIAM SWIMAN, individually and on behalf of all other persons similarly situated and on behalf of the general public,

## DEFENDANTS
MORGAN SERVICES, INC., an Illinois corporation; and DOES 1 through 100, inclusive

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

FILED
08 MAY -2 PM 12:43

08 CV 0806 WQH NLS

**(c)** Attorney's (Firm Name, Address and Telephone Number)
Jason E. Baker, Esq., SBN 197666
Brent Jex, Esq., SBN 235251
Keegan & Baker, LLP
4370 La Jolla Village Drive, Suite 640
San Diego, CA 92122
Telephone: (858) 552-6750; Facsimile: (858) 552-6749

Attorneys (If Known)
Arlene Prater, Esq., SBN 67923
Alison D. Alpert, Esq., SBN 199257
Best Best & Krieger LLP
655 West Broadway, 15th Floor
San Diego, CA 92101
Telephone: (619) 525-1300; Facsimile: (619) 233-6118

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** | ☑ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 462 Naturalization Application |  |  |
|  |  | ☐ 463 Habeas Corpus - Alien Detainee |  |  |
|  |  | ☐ 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441

Brief description of cause:
Action for unpaid overtime, missed meal and rest periods and other wage and hour claims.

## VII. REQUESTED IN COMPLAINT:
☑ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: May 2, 2008
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # 150454   AMOUNT $350 —   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____
CW   MD 05/02/08

American LegalNet, Inc. | www.FormsWorkflow.com

```
          UNITED STATES
         DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
             SAN DIEGO DIVISION

     # 150454      - MB

        May 02, 2008
          12:48:31

         Civ Fil Non-Pris
USAO #.: 08CV0806 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:                 $350.00 CK
Check#.: BC68662



     Total->  $350.00


  FROM: WILLIAM SWIMAN VS
        MORGAN SERVICES, ET AL
```