1   ARLENE PRATER, Bar No. 67191
    ALISON D. ALPERT, Bar No. 199257
2   BEST BEST & KRIEGER LLP
    655 West Broadway, 15th Floor
3   San Diego, CA  92101
    Telephone: (619) 525-1300
4   Telecopier: (619) 233-6118
    Email:  Arlene.Prater@bbklaw.com
5   Email:  Alison.Alpert@bbklaw.com

6

7   Attorneys for Defendant
    MORGAN SERVICES, INC., a Delaware
    corporation (erroneously named as an Illinois
8   corporation)

FILED

08 MAY -2 PM 12: 44

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

9                      UNITED STATES DISTRICT COURT

10                    SOUTHERN DISTRICT OF CALIFORNIA

11

12  WILLIAM SWIMAN, individually and on      Case No. 08 CV 0806 WQH NLS
    behalf of all other persons similarly    Judge:
13  situated and on behalf of the general public,
                                             NOTICE OF LODGMENT IN SUPPORT OF
14                Plaintiff,                  REMOVAL OF ACTION TO FEDERAL
                                             COURT PURSUANT TO 28 U.S.C. § 1441
15       v.                                  (FEDERAL QUESTION AND DIVERSITY
                                             JURISDICTION)
16  MORGAN SERVICES, INC., an Illinois
    corporation; and DOES 1 through 100,     Complaint Filed:    March 20, 2008
17  inclusive,

18                Defendants.

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

SDLIT\APRATER\364072.1

NOTICE OF LODGMENT IN SUPPORT OF REMOVAL OF
ACTION TO FEDERAL COURT
Case No.:

1    TO PLAINTIFF AND TO HIS ATTORNEYS OF RECORD:

2    Defendant Morgan Services, Inc. hereby submits the following exhibits in support of its

3    Notice of Removal of Action to Federal Court pursuant to 28 U.S.C. section 1441 (Federal

4    Question and Diversity Jurisdiction):

5    EXHIBIT A:    Class Action Complaint For Damages and Injunctive Relief For: 1) Failure to
              Pay Overtime And Double-Time Compensation; 2) Waiting Time Penalties; 3)
6              Failure to Provide Meal Periods; 4) Failure to Provide Rest Periods; 5) Failure
              to Furnish Accurate Wage Statements; and 6) Unlawful and Unfair Business
7              Acts and Practices in Violation of California Business & Professions Code §
              17200, *et seq.*

8    EXHIBIT B:    Summons

9    EXHIBIT C:    Notice Of Case Assignment

10   EXHIBIT D:    Notice To Litigants/ADR Information Package (with blank Stipulation To
              Alternative Dispute Resolution Process)
11

12   EXHIBIT E    Service of Process Summary Transmittal Form

13

14

15   Dated: May 2, 2008                          BEST BEST & KRIEGER LLP

16
                                          By:
17                                              ARLENE PRATER
                                              ALISON D. ALPERT
18                                              Attorneys for Defendant
                                              MORGAN SERVICES, INC.
19

20

21

22

23

24

25

26

27

28

NOTICE OF LODGMENT IN SUPPORT OF REMOVAL OF
ACTION TO FEDERAL COURT
Case No.:

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

**EXHIBIT A**

1 | Jason E. Baker, Esq. (SBN: 197666)
Brent Jex, Esq. (SBN: 235251)
2 | KEEGAN & BAKER, LLP
4370 La Jolla Village Drive, Suite 640
3 | San Diego, CA 92122
Telephone: (858) 552-6750
4 | Facsimile: (858) 552-6749

5

Attorneys for Plaintiff and Class
6

7
SUPERIOR COURT OF CALIFORNIA
8
COUNTY OF SAN DIEGO - HALL OF JUSTICE
9

10 | WILLIAM SWIMAN, individually and on ) Case No. 37-2008-00080260-CU-OE-CTL
behalf of all other persons similarly situated and )
on behalf of the general public, ) CLASS ACTION COMPLAINT FOR
11 | ) DAMAGES AND INJUNCTIVE RELIEF
Plaintiff, ) FOR:
12 | )
vs. ) 1)    Failure to Pay Overtime And
13 | )         Double-Time Compensation;
)         Waiting Time Penalties;
14 | MORGAN SERVICES, INC., an Illinois ) 2)
corporation; and DOES 1 through 100, ) 3)    Failure to Provide Meal Periods;
15 | inclusive, ) 4)    Failure to Provide Rest Periods;
) 5)    Failure to Furnish Accurate Wage
16 | Defendants. )         Statements; and
) 6)    Unlawful and Unfair Business Acts
17 | )         and Practices in Violation of
)         California Business & Professions
18 | )         Code §17200, et seq.
)
19 | )

20

21

22

23

24

25

26

27

28

Plaintiff WILLIAM SWIMAN ("Plaintiff"), on behalf of himself and all others similarly situated, complains and alleges against MORGAN SERVICES, INC. (hereinafter "Defendant" or "Morgan"), and all other defendants, as follows:

## I.
## INTRODUCTION

1.    This is a class action under Code of Civil Procedure § 382, seeking unpaid overtime and double-time compensation and interest thereon, compensation for missed meal and rest periods, compensation for failure to furnish accurate wage statements, waiting time penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs, under California Labor Laws and Industrial Welfare Commission Wage Orders. Plaintiff, on behalf of himself and the class members, also seek injunctive relief and restitution on behalf of all benefits Defendants have enjoyed from their failure to pay overtime and double-time compensation, their failure to provide adequate meal and rest breaks, under Business and Professions Code §§ 17200 et seq.

2.    Defendants refused to pay the Class members all overtime and double-time owed, notwithstanding the fact that Drivers, as defined herein, are not exempt and are indeed entitled to the full amount of overtime and double-time compensation owed to them under the applicable wage and hour laws, including sections 1194 of the California Labor Code, and California Industrial Welfare Commission ("I.W.C.") Wage Order No. 6-2001.

3.    Since at least November 12, 2007, and perhaps going back as far as four years from the date of the filing of this complaint, Defendants did not afford their full time Drivers proper meal and rest periods, as required by Labor Code § 226.7 and I.W.C. Wage Order No. 6-2001. The Drivers are owed an additional hour of pay at their regular rate for each time they were not given a meal or rest period owed to them.

4.    Plaintiff and Class members were not and are not exempt from California's overtime and meal and rest period requirements.

5.    Since at least November 12, 2007, and perhaps going back as far as four years from the date of the filing of this complaint, Defendants did not furnish each of their full time Drivers with timely itemized wage statements accurately showing total hours worked by each such Driver,

1    as required by Labor Code § 226. Each Driver is owed fifty dollars ($50) for the initial pay period

2    in which Defendants failed to provide a statement showing total hours worked and one hundred

3    ($100) for each subsequent pay period, up to a total of four thousand dollars ($4000).

4         6.     Defendants have willfully failed and refused, and continue to fail and refuse, to

5    timely pay wages due for overtime and double-time compensation and missed meal and rest periods

6    to former Drivers at the conclusion of their employment with Defendants, entitling these former

7    employees to statutory penalties under Labor Code §§ 201-203.

8

**II.**
**JURISDICTION**

9

10         7.     This Court has jurisdiction over this controversy under Article 6, section 10 of the

California Constitution and California Code of Civil Procedure § 410.10. This Court has personal

11

jurisdiction over Defendants since Defendants are qualified and registered to do business, and in

12

fact do business, in California.

13

14         8.     This Court has jurisdiction over Plaintiff's and Class members' claims for injunctive

relief and restitution arising from Defendants' unlawful business practices under Business &

15

Professions Code §§ 17203 and 17204.

16

**III.**
**VENUE**

17

18         9.     Venue as to each Defendant is proper in this judicial district, pursuant to Code of

19    Civil Procedure § 395(a). Defendant maintains headquarters or other offices, transacts business,

20    and/or has an agent in San Diego County, and each Defendant is otherwise within this Court's

21    jurisdiction for purposes of service of process. The unlawful acts alleged herein have a direct effect

22    on Plaintiffs and those similarly situated within the State of California and within San Diego

23    County. Defendants operate an office in San Diego County as well as in other counties within the

24    State of California and employ numerous Class members in San Diego County. Moreover, the

25    Plaintiff herein resides in San Diego County, and is or was employed by Defendants in San Diego

26    County.

27    ///

28

CLASS ACTION COMPLAINT                                           2

# IV.
## PARTY ALLEGATIONS

A.    **Plaintiff And Class Representative William Swiman.**

10.    Plaintiff William Swiman is an adult resident of San Diego County, California. During the Class period stated herein, plaintiff William Swiman was employed by Defendants as a "Driver" at Morgan's facility located in San Diego, California. Specifically, Plaintiff William Swiman began his employment as a Driver on or about November 12, 2007. His duties primarily consisted of picking up and delivering linen between Morgan and its customers located thoroughout San Diego County. William Swiman's employment with Morgan ended on or about March 14, 2008.

11.    From in or about November 12, 2007, until his departure on March 14, 2008, Plaintiff William Swiman, like other similarly situated Class members, was paid a fixed amount per week. Although Defendants purported to pay Swiman and Class members on an hourly basis, what they actually did was to "guarantee" Swiman and Class members 40 hours per week at their hourly rate, plus a fixed amount of "overtime" hours, no matter how many hours Swiman and Class members actually worked. Swiman and Class members were never paid double-time, despite the fact that they frequently worked more than twelve hours per day.

12.    Plaintiff Swiman regularly worked in excess of eight hours per day, regularly worked in excess of twelve hours per day, and regularly worked in excess of forty hours per week, but was not properly paid overtime and double-time compensation for all hours worked in accordance with Labor Code §1194 and Wage Order No. 6-2001.

13.    Defendants also did not timely pay overtime compensation and other unpaid wages due to Plaintiff Swiman at the conclusion of his employment in violation of California Labor Code §§ 201-203.

B.    **Defendant Morgan Services, Inc.**

14.    Plaintiff alleges on information and belief that Defendant Morgan Services, Inc. is a corporation organized under the laws of the state of Illinois and qualified to do business in California. Defendant Morgan is engaged in the linen supply business, and, according to its

1    website, has offices or facilities located in San Diego, Los Angeles, Orange County, Palm Springs,

2    Riverside, and Santa Barbara.

3        **C.    DOES 1-100.**

4        15.    The true names and capacities, whether individual, corporate, associate, or otherwise,

5    of defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff,

6    who therefore sues defendants by such fictitious names under Code of Civil Procedure § 474.

7    Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated

8    herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein.

9    Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities

10   of the Defendants designated hereinafter as DOES when such identities become known.

11       16.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 10-25

12   are adult residents of California or Illinois and are the owners of Defendant MORGAN

13   SERVICES, INC.  Plaintiff is informed and believes and thereon alleges that DOES 10-25 are

14   current officers of Defendant MORGAN SERVICES, INC.  Plaintiff is further informed and

15   believes and thereon alleges that Defendants DOES 10-25 have not respected the separate corporate

16   identity of Defendant MORGAN SERVICES, INC by, *inter alia*, withdrawing corporate funds for

17   personal use without treating such withdrawals as salaries or dividends, and failing to observe

18   corporate formalities such as regularly electing directors, appointing officers, holding board

19   meetings, keeping corporate minutes, and filing corporate tax returns.

20       17.    Plaintiff alleges on information and belief that at all times relevant hereto, there was

21   a unity of interest and ownership in Defendant MORGAN SERVICES, INC by defendants DOES

22   10-25 such that the separate personalities of DOES 10-25 and Defendant MORGAN SERVICES,

23   INC. no longer exist, and that, if the acts described herein are treated as those of Defendant

24   MORGAN SERVICES, INC. alone, an inequitable result will follow.

25       18.    Plaintiff is informed and believes, and based thereon alleges, that each Defendant

26   acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

27   scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are

28   legally attributable to the other Defendants.

CLASS ACTION COMPLAINT                                                                    4

19.    Defendants Morgan and DOES 1-100 inclusive are hereinafter collectively referred to as "Defendants."

## V.
## FACTUAL ALLEGATIONS

20.    Defendants operate, and at all times during the Class Period, have done business in San Diego County and elsewhere within California. At their work sites in San Diego, Los Angeles, Orange County, Palm Springs, Riverside, and Santa Barbara and elsewhere in California, Defendants specialize in offering linen supply products and services to employers disbursed throughout San Diego County and other sites in California. Defendants rely on their employees, especially their Drivers, to transport goods and services between Morgan and each of their customers. Defendants employ and have employed numerous Class members, including Plaintiff Swiman, to service these accounts.

21.    Each Class member worked for and was employed by Defendants as a Driver at one of Defendants' work sites. Plaintiff is informed and believes and on that basis alleges that, during the Class Period, Defendants have employed in excess of 100 persons as Drivers.

22.    Plaintiff is informed and believes that Morgan has enjoyed remarkable success and growth in the linen supply industry during the past four years. Plaintiff is further informed and believes that this success and growth has come at the expense of the relatively unsophisticated Drivers who work long hours without being paid all compensation owed to them, and without enjoying all the meal and rest periods they are owed.

A.    <u>Job Duties of Drivers</u>.

23.    Drivers report directly to and work under the close supervision of Morgan's management employees. Drivers' job duties do not entail significant discretionary decision-making or the supervision of other employees. Neither Plaintiff nor other Class members engaged in any significant outside sales of products or services.

24.    The primary duty and essential function of a Driver is to drive a truck and deliver linen and other products to customers of Morgan located throughout San Diego County and other sites in California.

---

CLASS ACTION COMPLAINT                                                    5

1      25.    At a minimum, the Class members, including Plaintiff, worked a ten hour shift,

2  Monday through Friday, although they often worked in excess of twelve hours per day.

3      26.    Because of their work duties and the nature of this position, the Class members,

4  including Plaintiff, do not fall within any of the exemptions to the overtime and double-time pay

5  requirements of the California Labor Code.  Indeed, Defendants seemingly agree, as they purport

6  to pay their Drivers an hourly wage, although in practice they actually pay their Drivers a salary

7  with discretionary bonuses.

8     **B.**    **Failure to Pay Overtime And Double-Time Compensation to Drivers**.

9      27.    In conformance with the policy and practice of Defendants, the Class members,

10  including Plaintiff, are generally required to work in excess of ten hours a day, Monday through

11  Friday, and are regularly required to work in excess of twelve hours per day.

12      28.    As alleged above, Defendants had, and continue to have, a policy and practice of

13  paying Class members, including Plaintiff, a fixed amount each week, although Defendants attempt

14  to disguise their payment as an hourly wage.  Defendants would purport to pay their Drivers an

15  hourly rate, and then "guarantee" them forty hours per week at their regular rate, and an additional

16  fixed amount per week at their "overtime" rate, no matter how many hours Class members actually

17  worked.  Plaintiff and Class members were never paid double-time, despite the fact that they

18  frequently worked more than twelve hours per day.

19      29.    Plaintiff and the Class members do not, and at all times during the Class Period did

20  not, receive all compensation from Defendants for hours worked in excess of forty hours in a week,

21  or twelve hours in a day.  Accordingly, Defendants had, and continue to have, a willful policy and

22  practice of requiring their Drivers, including Plaintiff, to work substantially in excess of forty hours

23  per week without paying them all compensation as required by the California's wage and hour laws.

24  This constitutes a separate and independent violation of Business & Professions Code §§ 17200 et

25  seq. since it constitutes an unlawful and unfair business practice.

26     **C.**    **Denial of Meal Periods to Drivers.**

27      30.    During the Class Period, Defendants had, and continue to have, a policy and practice

28  of requiring the Class members, including Plaintiff, to work in excess of five hours per day without

CLASS ACTION COMPLAINT                             6

1  affording them a proper meal period of at least a half hour during which they are relieved of all

2  duties.  Drivers are also regularly required by Defendants to work in excess of ten hours per day

3  without being afforded an additional, second meal period of at least a half hour during which they

4  are relieved of all duties.  This policy and practice does not comply with Labor Code § 226.7 and

5  and I.W.C. Wage Order No. 6-2001, and also constitutes a separate and independent violation of

6  California Business & Professions Code §§ 17200 et seq. since it constitutes an unlawful and unfair

7  business practice.

8        **D.**     <u>**Denial of Rest Periods to Drivers.**</u>

9        31.   During the Class Period, Defendants had, and continue to have, a policy and practice

10  of requiring the Class members, including Plaintiff, to work in excess of four hours per day without

11  affording them a proper rest period of at least ten minutes during which they are relieved of all

12  duties.  This policy and practice does not comply with Labor Code § 226.7 and I.W.C. Wage Order

13  No. 6-2001, and also constitutes a separate and independent violation of California Business &

14  Professions Code §§ 17200 et seq. since it constitutes an unlawful and unfair business practice.

15        **E.**     <u>**Failure to Timely Pay Wages Due.**</u>

16        32.    During the Class Period, Defendants had, and continue to have, a policy and practice

17  of not timely paying all overtime and double-time compensation and other wages due and owing

18  to the Class members, including Plaintiff, within 72 hours of the conclusion of their employment

19  with Defendants.  This policy and practice does not comply with Labor Code §§ 201-203, and also

20  constitutes a separate and independent violation of Business & Professions Code §§ 17200 et seq.

21  since it constitutes an unlawful and unfair business practice.

22        **F.**     <u>**Failure To Furnish Timely and Accurate Wage Statements**</u>

23        33.    During the Class Period, Defendants have failed to furnish each of their Drivers with

24  timely itemized wage statements accurately showing total hours worked by each Driver.

                                   **VI.**
25                         <u>**CLASS ALLEGATIONS**</u>

26        34.    This action may properly be maintained as a class action pursuant to section 382 of

27  the Code of Civil Procedure.  The plaintiff class is sufficiently numerous, since it is estimated to

28

---

CLASS ACTION COMPLAINT                                         7

1    include over one hundred Drivers throughout California, the joinder of whom in one action is

2    impracticable, and the disposition of whose claims in a class action will provide substantial benefits

3    to both the parties and the Court.

4         35.    **Class Definition:**  Without prejudice to later revision, the Class which Plaintiff

5    seeks to represent is composed of all persons who were employed as a "Driver" at any Morgan work

6    site in the State of California (the "Class") during the period commencing from April 1, 2004 up

7    until the date of trial (the "Class Period").

8         36.    **Ascertainable Class:**  The Class is ascertainable in that each member can be

9    identified using information contained in Defendants' payroll and personnel records.

10        37.    **Common Questions of Law or Fact Predominate:**  There is a well-defined

11   community of interest in the questions of law and fact involved affecting the parties to be

12   represented for each class.  The questions of law and fact common to the Class predominate over

13   questions which may affect individual Class members.  These questions of law and fact include, but

14   are not limited to, the following:

15       (a)    Whether Defendants were required by law to pay overtime compensation to Drivers

16           who worked in excess of 40 hours per week and/or eight hours a day;

17       (b)    Whether Defendants were required by law to pay double-time compensation to

18           Drivers who worked in excess of twelve hours a day;

19       (c)    Whether Defendants were required to pay members of the Class for rest periods not

20           taken or allowed;

21       (d)    Whether Defendants were required to pay members of the Class for meal periods not

22           taken or allowed;

23       (e)    Whether Defendants failed to keep accurate records of the hours of work of

24           members of the Class;

25       (f)    Whether Defendants failed to timely furnish the members of the Class with a

26           statement accurately showing the total hours the Driver worked each pay period;

27       (g)    Whether Defendants failed to pay all wages at the time the Class members'

28           employment ended; and

(h)  Whether Defendants' systematic acts and practices violated, *inter alia*, California Labor Code §§ 226.7, 1194, and California Business & Professions Code §§ 17200 *et seq.*.

38.   **Numerosity:** The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. While the exact number of members of the Class is unknown to Plaintiff at this time, Plaintiff is informed and believes the Class consists of over one hundred persons. Individual joinder of members of the Class is also impracticable because the individual members are disbursed throughout California.

39.   **Typicality:** Plaintiff's and the Class members' claims for restitution and damages arise from and were caused by Defendants' wrongful conduct. Because Plaintiff was a Driver which required him to routinely work overtime and double-time and miss meal and rest periods, and because he was not compensated for all the overtime, double-time, meal and rest periods he worked, Plaintiff is asserting claims that are typical of the claims of each member of the Class. Plaintiff is like all other Class members because Plaintiff has suffered the same injuries as those suffered by the Class. Since Plaintiff's claims and the claims of Class members all derive from a common nucleus of operative facts, Plaintiff is asserting claims that are typical of the claims of the entire Class.

40.   **Adequacy:** Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages he has suffered are typical of all other members of the Class so that he will adequately represent the Class. Plaintiff has retained competent counsel experienced in class action litigation and employment law to further ensure such protection and intends to prosecute this action vigorously.

41.   **Superiority:** The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because:

(a)  The individual amounts of damages involved, while not insubstantial, are such that

individual actions or other individual remedies are impracticable and litigating

individual actions would be too costly;

(b)    This case involves a large employer and a large number of individual employees with many relatively small claims with common issues of law and fact;

(c)    If each Class member were required to file an individual lawsuit, the Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual member of the Class with their vastly superior financial and legal resources;

(d)    The costs of individual suits could unreasonably consume the amounts that would be recovered;

(e)    Requiring each member of the Class to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to pursue an action against their present and/or former employer for an appreciable and justifiable fear of retaliation and permanent damage to their immediate and/or future employment;

(f)    Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged; and

(g)    Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

42.    Notice to the members of the Class may be made by first-class mail addressed to all persons who have been individually identified by Defendants through access to Defendants' payroll and personnel records. Alternatively, if Defendants cannot produce a list of members' names and addresses, the members of the Class may be notified by publication in the appropriate media outlets, and by posting notices in Defendants' places of business in the State of California.

43.    Plaintiff and the members of the Class have all similarly suffered irreparable harm and damages as a result of Defendants' unlawful and wrongful conduct. This action will provide substantial benefits to both Plaintiff and Class and the public since, absent this action, Plaintiff and

1  the members of the Class will continue to suffer losses, thereby allowing Defendants' violations of

2  law to proceed without remedy, and allowing Defendants to retain the proceeds of their unlawful

3  practices.

### VII.
### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Failure to Pay Overtime And Double-Time Compensation**
**(Violation of California Labor Code § 1194**
**and IWC Wage Order No. 6-2001)**
(Against All Defendants)

44.    Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

45.    Pursuant to section 1194 of the Labor Code and IWC Wage Order 6-2001, it is unlawful to employ persons for longer than the hours set by the Industrial Welfare Commission or under conditions prohibited by the applicable Industrial Commission Wage Orders.

46.    During and throughout the course of the Class Period, Plaintiff and the Class were compelled to work in excess of eight hours per workday, in excess of forty hours per workweek, and in excess of twelve hours per day.

47.    On each and every occasion in which Plaintiff and the Class were compelled to work in excess of eight hours per workday or in excess of forty hours per workweek, Defendants, and each of them, failed and refused to compensate Plaintiff and the Class at the rate of no less than one and one-half times the regular rate of pay for all hours worked.

48.    On each and every occasion in which Plaintiff and the Class were compelled to work in excess of twelve hours per workday, Defendants, and each of them, failed and refused to compensate Plaintiffs at the rate of no less than twice the regular rate of pay for all hours worked.

49.    Under the provisions of California's Labor Code and the applicable Wage Orders No. 6-2001 issued by the Industrial Welfare Commission of California, Plaintiff and the Class should have received overtime and double-time wages in a sum according to proof for all the hours they worked.

50.    Plaintiff and the Class request recovery of overtime and double-time compensation

1   according to proof, plus interest, attorney's fees and costs pursuant to sections 218.5 and 1194 of

2   the Labor Code, the relevant California Industrial Welfare Commission Wage Orders, or any other

3   statutory, regulatory, or common law authority, in a sum as provided by the California Labor Code

4   and other applicable California statutes and regulations.

5

6   **SECOND CAUSE OF ACTION**
**Waiting Time Penalties**
**(Violation of California Labor Code §§ 201-203)**
(Against All Defendants)

7

8       51.    Plaintiff and the Class hereby incorporate by this reference each and every preceding

9   paragraph of this complaint as if fully set forth herein.

10      52.    Labor Code § 201 requires employers to furnish immediately the final wages of an

11  employee who is terminated from employment.  Labor Code § 202 requires employers to furnish

12  the final wages of an employee who quits within 72 hours of the resignation, unless the employee

13  has provided 72 hours' notice of his or her intention to quit, in which case the wages are due at the

14  time of quitting.

15      53.    As to those members of the Class, including Plaintiff, whose employment ended by

16  either termination or resignation during the Class Period, Defendants, and each of them, have failed

17  and refused, and continue to fail and refuse, to provide those Class members with their final wages,

18  including but not limited to overtime and double-time compensation and wages in lieu of missed

19  meal and rest periods, earned while employed by Defendants during the Class Period.

20      54.    Accordingly, Defendants, and each of them, have wilfully failed to pay Plaintiff and

21  the Class all wages due in accordance with Labor Code §§ 201 and 202.

22      55.    As a result of such unlawful conduct, Plaintiff and the Class have suffered damages

23  in an amount to be proven at trial.  Pursuant to the provisions of Labor Code § 203 and any other

24  applicable statute or doctrine, Plaintiff and those members of Class no longer employed by

25  Defendants are entitled to a waiting time penalty equal to not less than 30 days' wages in an amount

26  to be proven at trial.

27      56.    Pursuant to Labor Code § 218.5, Plaintiff and the Class request that the court award

28  reasonable attorney's fees and costs incurred in this action, in addition to such other relief as may

CLASS ACTION COMPLAINT                                                                        12

1  be warranted.

2  ### THIRD CAUSE OF ACTION
   Failure to Allow Meal Periods
3  (Violation of California Labor Code § 226.7 & IWC Order 6-2001)
   (Against All Defendants)
4
   57.    Plaintiff and the Class hereby incorporate by this reference each and every
5
   preceding paragraph of this complaint as if fully set forth herein.
6
   58.    At all times herein mentioned, Plaintiff and the Class were non-exempt
7
   employees and subject to the "meal period" provisions of the Industrial Welfare Commission.
8
   No valid legal or applicable exception to the meal break requirement existed to allow
9
   Defendants to avoid providing Plaintiff and Class members with regular meal breaks as required
10
   by the Labor Code.
11
   59.    During the Class Period, Defendants failed to allow the Plaintiff and the Class to
12
   take thirty (30) minute meal periods for every five (5) hours worked, or to allow Plaintiff and
13
   the Class members to be relieved of all duties during their meal periods. Plaintiff and Class
14
   members regularly work and have worked in excess of five (5) and ten (10) hours a day without
15
   being afforded meal periods in which they were relieved of all duties.
16
   60.    Plaintiff and the Class request relief pursuant to Labor Code § 226.7(b) which
17
   provides for one hour of additional pay at the employees' regular rate of pay for each meal
18
   period not received by the employee.  Plaintiff and the Class demand all applicable
19
   reimbursement and penalties for their lost meal breaks, including the one hour's compensation
20
   due under the Wage Order.  Further, Plaintiff and the Class demand reasonable attorney's fees
21
   and costs of suit, pursuant to Labor Code §218.5.
22
   ### FOURTH CAUSE OF ACTION
23  Failure to Provide Rest Periods
   (Violation of California Labor Code § 226.7)
24  (Against All Defendants)

25  61.    Plaintiff and the Class hereby incorporate by this reference each and every

26  preceding paragraph of this complaint as if fully set forth herein.

27  62.    At all times herein mentioned Plaintiff and the Class were non-exempt

28  employees and subject to the "rest period" provisions of the Industrial Welfare Commission.

---

1  No valid legal or applicable exception to the rest period requirement existed to allow

2  Defendants to avoid providing Plaintiffs and Class members with regular rest period(s) as

3  required by the Labor Code, wage orders and/or regulations.

4      63.    During the Class Period, Defendants failed to allow members of the Class to take

5  rest periods during every four hour period worked, or to allow Plaintiff and the Class members

6  to be relieved of all duties during their rest periods. Plaintiff and the Class regularly work and

7  have worked four hour shifts or longer without receiving the required ten minute breaks

8      64.    Plaintiff and the Class request relief pursuant to Labor Code § 226.7(b) which

9  provides for one hour of additional pay at the employees' regular rate of pay for each rest period

10  not received by the employee. Plaintiff and the Class demand all applicable reimbursement and

11  penalties for their lost rest periods, including the one hour's compensation due under the Wage

12  Order. Further, Plaintiff and the Class demand reasonable attorney's fees and costs of suit,

13  pursuant to Labor Code §218.5.

### FIFTH CAUSE OF ACTION
**Failure to Furnish Timely and Accurate Wage Statements**
**(Violation of California Labor Code § 226)**
(Against All Defendants)

16      65.    Plaintiff and the Class hereby incorporate by this reference each and every

preceding paragraph of this complaint as if fully set forth herein.

19      66.    Labor Code § 226(a) requires employers semi-monthly or at the time of each

payment of wages to furnish each employee with a statement itemizing, inter alia, the total hours

worked by the employee. Labor Code § 226(e) provides that if an employer knowingly and

intentionally fails to provide a statement itemizing, inter alia, the total hours worked by the

employee, then the employee is entitled to recover the greater of all actual damages or fifty

dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent

violation, up to four thousand dollars ($4000).

25      67.    Defendants knowingly and intentionally failed to furnish and continue to

knowingly and intentionally fail to furnish to Class members with timely, itemized statements

showing the total hours worked by each of them, as required by Labor Code § 226(a). As a

---

1 | result, Defendants are liable to Plaintiff and Class members for the amounts provided by Labor

2 | Code § 226.

### SIXTH CAUSE OF ACTION
**Unlawful and Unfair Business Acts and Practices**
**(Violation of California Business & Professions Code §17200, *et seq.*)**
(Against All Defendants)

68.    Plaintiff and the Class hereby incorporate by this reference each and every preceding paragraph of this complaint as if fully set forth herein.

69.    The acts, omissions, and practices of Defendants as alleged herein constituted unlawful and unfair business acts and practices within the meaning of Section 17200, *et seq.* of the California Business & Professions Code.

70.    Defendants have engaged in "unlawful" business acts and practices by Defendants' failure to fully compensate their Drivers in violation of the statutes and regulations, referenced herein above, including California Labor Code §§ 201-203, 226, 226.7, 1194; Business & Professions Code §§ 17200 et seq.; and I.W.C. Wage Order No. 6-2001.

71.    Plaintiff reserves the right to allege other violations of law which constitute unlawful acts or practices.

72.    Defendants have also engaged in "unfair" business acts or practices in that the harm caused by Defendants' non-payment of all compensation owed to their Drivers outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, causes substantial injury to Plaintiff and the Class, and provides Defendants with an unfair competitive advantage over those employers that abide by the law, properly classify their employees, and pay all compensation in accordance with the law.

73.    As a result of the conduct described above, Defendants have been and will be unjustly enriched at the expense of Plaintiff and the Class by withholding for themselves wages earned and wrongfully withheld from Plaintiffs and the Class.

74.    The aforementioned unlawful or unfair business acts or practices conducted by Defendants have been committed in the past and continues to this day. Defendants have failed to acknowledge the wrongful nature of their actions. Defendants have not corrected or publicly

CLASS ACTION COMPLAINT

1   issued individual and comprehensive corrective notices to Plaintiff and the Class or provided

2   full restitution of all monies either acquired or retained by Defendants as a result thereof,

3   thereby depriving Plaintiff and the Class the minimum working conditions and standards due

4   them under California Labor Laws and Industrial Welfare Commission Wage Orders.

5          75.    Pursuant to the Section 17203 of the Business & Professions Code, Plaintiff and

6   the Class seek an order of this Court awarding Plaintiff and the Class full restitution of all

7   monies wrongfully acquired by Defendants by means of such "unlawful" and "unfair" conduct,

8   plus interest and attorneys' fees pursuant to, *inter alia*, Section 1021.5 of the Code of Civil

9   Procedure, so as to restore any and all monies to Plaintiff and the Class and the general public

10  which were acquired and obtained by means of such "unlawful" and "unfair" conduct.  Plaintiff

11  and the Class additionally request that such funds be impounded by the Court or that an asset

12  freeze or constructive trust be imposed upon such revenues and profits to avoid dissipation

13  and/or fraudulent transfers or concealment of such monies by Defendants.  Plaintiff and the

14  Class may be irreparably harmed and/or denied an effective and complete remedy if such an

15  order is not granted.

16         76.    Pursuant to Section 17203 of the Business & Professions Code,  Plaintiff and the

17  Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring

18  Defendants to to keep accurate records of time worked and to insure the payment of all earned

19  overtime and double-time wages henceforth.

20                                        **VIII.**
                                **PRAYER FOR RELIEF**

21         WHEREFORE, Plaintiff, on behalf of himself, all present and former similarly situated

22  Class members, and on behalf of the general public, requests the following relief:

23         A.     That the Court determine that this action may be maintained as a class

24  action under Code of Civil Procedure § 382;

25         B.     That the Court find that Defendants have violated the overtime and double-time

26  provisions of Labor Code § 1194 and Wage Orders 6-2001 as to the Plaintiff and the Class;

27         C.     That the Court find that Defendants have violated Labor Code § 226.7 and Wage

28

1  Order No. 6-2001 by failing to afford Plaintiff and Class members adequate meal and rest

2  periods;

3        D.      That the Court find that Defendants have violated Labor Code § 226 by failing to

4  record, keep and timely furnish Plaintiff and Class members itemized statements accurately

5  showing the total hours worked by each of them;

6        E.      That the Court find that Defendants have violated Labor Code §§ 201, 202 and

7  203 for willful failure to pay all compensation owed at the time of termination of employment to

8  Class members;

9        F.      That the Court find that Defendants have violated Business and Professions Code

10 §§ 17200 *et seq.* by failing to pay its Drivers all compensation and waiting period penalties, by

11 failing to keep proper time records, by failing to afford Drivers adequate meal and rest periods,

12 and by failing to timely furnish Drivers with statements accurately showing total hours worked;

13       G.      That the Court find that Defendants' violations as described above are found to

14 have been willful;

15       H.      That the Court award to Plaintiff and the Class damages for the amount of unpaid

16 compensation, including interest thereon, and damages for failure to timely furnish statements

17 accurately showing total hours worked subject to proof at trial;

18       I.      That Defendants be ordered and enjoined to pay restitution to Plaintiff and the

19 Class due to Defendants' unlawful activities, pursuant to Business and Professions Code §§

20 17200-05;

21       J.      That Defendants further be enjoined to cease and desist from unlawful activities

22 in violation of Business and Professions Code §§ 17200 *et seq.*;

23       K.      That Plaintiff and the Class be awarded reasonable attorneys' fees and costs

24 pursuant to Labor Code §§ 218.5, 226 and 1194, Code of Civil Procedure § 1021.5, and/or other

25 applicable law; and

26       L.      That the Court award such other and further relief as this Court may deem

27 appropriate.

28 ///

CLASS ACTION COMPLAINT                                                    17

KEEGAN & BAKER, LLP

Dated: March 18, 2008          By:

Jason E. Baker, Esq.
Brent Jex, Esq.
Attorneys for Plaintiff and Class

CLASS ACTION COMPLAINT                                              18

EXHIBIT  B

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MORGAN SERVICES, INC., an Illinois corporation; and DOES 1
through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
WILLIAM SWIMAN, individually and on behalf of all other persons
similarly situated and on behalf of the general public,

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court

MAR 2 0 2008

BY: Sandra Villanueva, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California - Hall of Justice
330 W. Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):* 37-2008-00080260-CU-OE-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jason E. Baker, Esq. (SBN: 197666); Brent Jex, Esq. (SBN: 235261)
4370 La Jolla Village Drive, Suite 640, San Diego, CA 92122; T: 858-552-6750 F: 858-552-6749

DATE:
*(Fecha)*  MAR 2 0 2008

Clerk, by SANDRA VILLANUEVA , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Morgan Services, INC, an Illinois Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

EXHIBIT C

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6064 |

PLAINTIFF(S) / PETITIONER(S):    William Swiman

DEFENDANT(S) / RESPONDENT(S):  Morgan Services Inc

SWIMAN VS. MORGAN SERVICES INC

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER:<br>37-2008-00080260-CU-OE-CTL |
|---|---|

Judge: Luis R. Vargas                                                              Department: C-63

**COMPLAINT/PETITION FILED: 03/19/2008**

### CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00080260-CU-OE-CTL      CASE TITLE: Swiman vs. Morgan Services Inc

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:        330 West Broadway<br>MAILING ADDRESS:     330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME:          Central | |

| PLAINTIFF(S):    William Swiman |
|---|
| DEFENDANT(S): Morgan Services Inc |
| SHORT TITLE:    SWIMAN VS. MORGAN SERVICES INC |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS<br>(CRC 3.221) | CASE NUMBER:<br>37-2008-00080260-CU-OE-CTL |
|---|---|

Judge: Luis R. Vargas                                                Department: C-63

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program                ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation                          ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial                                   ☐ Private Reference to General Referee

☐ Private Summary Jury Trial                         ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral  ☐ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                          Name of Defendant

_____          _____
Signature                                  Signature

_____          _____
Name of Plaintiff's Attorney               Name of Defendant's Attorney

_____          _____
Signature                                  Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 03/20/2008                         _____
                                          JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)    **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**    Page: 1

3

**EXHIBIT E**

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To: DEB WALKER
MORGAN SERVICES, INC.
323 N. MICHIGAN AVENUE
CHICAGO, IL 60601-

SOP Transmittal # CA56935

(800) 767-1553 - Telephone
(609) 716-0820 - Fax

Defendant: MORGAN SERVICES, INC.
(Entity Served)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of   CALIFORNIA   on this   2 day of   April   , 2008 . The following is a summary of the document(s) received:

1.   Title of Action: William Swiman v. Morgan Services, Inc., et al.

2.   Document(s) served:

| X Summons | __ Subpoena | __ Injunction |
| X Complaint | __ Third Party Complaint | __ Notice of |
| __ Petition | __ Demand for Jury Trial | __ Mechanics Lien |
| __ Garnishment | __ Default Judgement | __ Other: |

3.   Court of Jurisdiction/   San Diego County Superior Court, Hall of Justice
Case & Docket Number: 37-2008-00080260-CU-OE-CTL

4.   Amount Claimed, if any: Please See Attached

5.   Method of Service (select one):
X Personally served by:   X Process Server   __ Deputy Sheriff   __ U. S Marshall
__ Delivered Via:   __ Certified Mail   __ Regular Mail   __ Facsimile
(Envelope enclosed)   (Envelope enclosed)

__ Other (Explain):

6.   Date and Time of Service: 4/2/2008 3:42:02 PM PST (GMT -8)

7.   Appearance/Answer Date: 30 Days

8.   Plaintiff's Attorney:   Jason E. Baker, Esq.
(Name, Address & Telephone Number)
4370 La Jolla Village Drive
Suite 640
San Diego, CA 92122
(858) 552-6750

9.   Federal Express Airbill # 791036241868

10.   Call Made to: VM - DEB WALKER

11.   Special Comments:

NATIONAL REGISTERED AGENTS, INC.   Copies To:

Transmitted by: Dena LaPorta

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL