1  ARLENE PRATER, Bar No. 67191
   ALISON D. ALPERT, Bar No. 199257
2  BEST BEST & KRIEGER LLP
   655 West Broadway, 15th Floor
3  San Diego, CA 92101
   Telephone: (619) 525-1300
4  Telecopier: (619) 233-6118
   Email: Arlene.Prater@bbklaw.com
5  Email: Alison.Alpert@bbklaw.com

6

7  Attorneys for Defendant
   MORGAN SERVICES, INC., a Delaware
8  corporation (erroneously named as an Illinois
   corporation)

9                    UNITED STATES DISTRICT COURT

10                  SOUTHERN DISTRICT OF CALIFORNIA

11

12  WILLIAM SWIMAN, individually and on          Case No.    08 CV 0806 WQH NLS
    behalf of all other persons similarly        Judge:      Hon. William Q. Hayes
13  situated and on behalf of the general public,
                                                 ANSWER OF DEFENDANT MORGAN
14              Plaintiff,                        SERVICES, INC. TO PLAINTIFF'S
                                                 COMPLAINT
15         v.
                                                 CLASS ACTION
16  MORGAN SERVICES, INC., an Illinois
    corporation; and DOES 1 through 100,         Complaint filed:    March 20, 2008
17  inclusive,

18              Defendants.

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

Defendant Morgan Services, Inc. ("Defendant") answers the Class Action Complaint of Plaintiff William Swiman ("Plaintiff") and all class members (collectively "Plaintiffs") as follows:

## I.
## INTRODUCTION

1.      Answering Paragraph 1, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

2.      Answering Paragraph 2, Defendant admits that "Class Members" as defined in the Complaint, were not classified as exempt employees.  Further this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

3.      Answering Paragraph 3, Defendant denies generally and specifically each and every allegation contained therein.

4.      Answering Paragraph 4, Defendant admits that Plaintiff and putative Class Members were not and are not "exempt", as that term is used and meant in the wage order, from California's overtime, meal and rest period requirements; but Defendant thereby does not admit the "applicability" of the wage order's overtime requirements to the putative Class Members and Defendant.

5.      Answering Paragraph 5, Defendant denies generally and specifically each and every allegation contained therein.

6.      Answering Paragraph 6, Defendant denies generally and specifically each and every allegation contained therein.

///

///

///

1
2

## II.
## JURISDICTION

3
4

7.    Answering Paragraph 7, Defendant admits each and every allegation contained therein.

5
6
7
8

8.    Answering Paragraph 8, Defendant admits this Court has jurisdiction over Plaintiff's claims.  Defendant denies a Class Action should be certified.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

9
10

## III.
## VENUE

11
12

9.    Answering Paragraph 9, Defendant admits each and every allegation contained therein.

13
14

## IV.
## PARTY ALLEGATIONS

15
16

10.    Answering Paragraph 10, Defendant admits each and every allegation contained therein.

17
18
19
20

11.    Answering Paragraph 11, Defendant admits that Plaintiff and putative Class Members were paid a fixed amount per week plus additional overtime when worked and reported. Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

21
22

12.    Answering Paragraph 12, Defendant denies generally and specifically each and every allegation contained therein.

23
24

13.    Answering Paragraph 13, Defendant denies generally and specifically each and every allegation contained therein.

25
26
27
28

14.    Answering Paragraph 14, Defendant denies that is incorporated in Illinois. Defendant also denies that is has facilities in Orange County, Palm Springs and Santa Barbara. Except as specifically denied, Defendant admits generally and specifically each and every allegation contained therein.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER OF DEFENDANT MORGAN SERVICES,
INC. TO PLAINTIFF'S COMPLAINT
Case No.:  08 CV 0806 WQH NLS

15. Answering Paragraph 15, Defendant denies generally and specifically each and every allegation contained therein.

16. Answering Paragraph 16, Defendant denies generally and specifically each and every allegation contained therein.

17. Answering Paragraph 17, Defendant denies generally and specifically each and every allegation contained therein.

18. Answering Paragraph 18, Defendant denies generally and specifically each and every allegation contained therein.

19. Answering Paragraph 19, there are no allegations requiring a response from Defendant.

## V.
## FACTUAL ALLEGATIONS

20. Answering Paragraph 20, Defendant admits it has done business in San Diego County and in California during the Class Period. Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

21. Answering Paragraph 21, Defendant admits that putative Class Members were employed by Defendant. Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

22. Answering Paragraph 22, Defendant denies generally and specifically each and every allegation contained therein.

23. Answering Paragraph 23, Defendant admits "Drivers" do not supervise other employees and are not engaged in significant outside sales. Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

24. Answering Paragraph 24, Defendant admits each and every allegation contained therein.

25. Answering Paragraph 25, Defendant denies generally and specifically each and every allegation contained therein.

///

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER OF DEFENDANT MORGAN SERVICES,
INC. TO PLAINTIFF'S COMPLAINT
Case No.: 08 CV 0806 WQH NLS

26. Answering Paragraph 26, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

27. Answering Paragraph 27, Defendant denies generally and specifically each and every allegation contained therein.

28. Answering Paragraph 28, Defendant denies generally and specifically each and every allegation contained therein.

29. Answering Paragraph 29, Defendant admits that Plaintiff and putative Class Members were paid a fixed amount per week plus additional overtime when worked and reported. Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

30. Answering Paragraph 30, Defendant denies generally and specifically each and every allegation contained therein.

31. Answering Paragraph 31, Defendant denies generally and specifically each and every allegation contained therein.

32. Answering Paragraph 32, Defendant denies generally and specifically each and every allegation contained therein.

33. Answering Paragraph 33, Defendant denies generally and specifically each and every allegation contained therein.

**VI.**
**CLASS ALLEGATIONS**

34. Answering Paragraph 34, Defendant denies there is a certifiable class.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

35. Answering Paragraph 35, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

36.    Answering Paragraph 36, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

37.    Answering Paragraph 37, Defendant denies common questions of law or fact predominate.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

38.    Answering Paragraph 38, Defendant denies the class is so numerous that joinder of all members is impractical.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

39.    Answering Paragraph 39, Defendant denies Plaintiff's claims are typical.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

40.    Answering Paragraph 40, Defendant lacks sufficient information and belief to respond and this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

41.    Answering Paragraph 41, Defendant denies a class action would be superior.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

42.    Answering Paragraph 42, Defendant lacks sufficient information and belief to respond and this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

///

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER OF DEFENDANT MORGAN SERVICES, INC. TO PLAINTIFF'S COMPLAINT
Case No.:  08 CV 0806 WQH NLS

43.    Answering Paragraph 43, Defendant denies it violated any law.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## VII.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime And Double-Time Compensation
### (Violation of California Labor Code § 1194
### and IWC Wage Order No. 6-2001)
(Against All Defendants)

44.    Answering Paragraph 44, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 43, above.

45.    Answering Paragraph 45, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

46.    Answering Paragraph 46, Defendant admits that on some occasions Plaintiff and putative Class Members may have worked in excess of eight hours per day and in excess of forty hours per week.  Except as expressly admitted, Defendant denies generally and specifically each and every allegation contained therein.

47.    Answering Paragraph 47, Defendant denies generally and specifically each and every allegation contained therein.

48.    Answering Paragraph 48, Defendant denies generally and specifically each and every allegation contained therein.

49.    Answering Paragraph 49, Defendant denies generally and specifically each and every allegation contained therein.

50.    Answering Paragraph 50, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

///

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER OF DEFENDANT MORGAN SERVICES,
INC. TO PLAINTIFF'S COMPLAINT
Case No.:  08 CV 0806 WQH NLS

**SECOND CAUSE OF ACTION**
**Waiting Time Penalties**
**(Violation of California Labor Code §§ 201-203)**
(Against All Defendants)

51.    Answering Paragraph 51, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 50, above.

52.    Answering Paragraph 52, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

53.    Answering Paragraph 53, Defendant denies generally and specifically each and every allegation contained therein.

54.    Answering Paragraph 54, Defendant denies generally and specifically each and every allegation contained therein.

55.    Answering Paragraph 55, Defendant denies its conduct caused Plaintiff or the putative Class Members to suffer damages.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

56.    Answering Paragraph 56, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

**THIRD CAUSE OF ACTION**
**Failure to Allow Meal Periods**
**(Violation of California Labor Code § 226.7 & IWC Order 6-2001)**
(Against All Defendants)

57.    Answering Paragraph 57, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 56, above.

58.    Answering Paragraph 58, Defendant admits that Plaintiff was subject to the meal period provisions of the Industrial Welfare Commission.  Except as expressly admitted, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies each and every allegation contained therein.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

59.     Answering Paragraph 59, Defendant denies generally and specifically each and every allegation contained therein.

60.     Answering Paragraph 60, Defendant denies its conduct caused Plaintiff or the putative Class Members to suffer damages.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## FOURTH CAUSE OF ACTION
### Failure to Provide Rest Periods
### (Violation of California Labor Code §226.7)
(Against All Defendants)

61.     Answering Paragraph 61, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 60, above.

62.     Answering Paragraph 62, Defendant admits that Plaintiff was subject to the rest period provisions of the Industrial Welfare Commission.  Except as expressly admitted, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies each and every allegation contained therein.

63.     Answering Paragraph 63, Defendant denies generally and specifically each and every allegation contained therein.

64.     Answering Paragraph 64, Defendant denies its conduct caused Plaintiff or the putative Class Member to suffer damages.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies generally and specifically each and every allegation contained therein.

## FIFTH CAUSE OF ACTION
### Failure to Furnish Timely and Accurate Wage Statements
### (Violation of California Labor Code § 226)
(Against All Defendants)

65.     Answering Paragraph 65, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 64, above.

///

///

- 8 -

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

66.    Answering Paragraph 66, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies each and every allegation contained therein.

67.    Answering Paragraph 67, Defendant denies generally and specifically each and every allegation contained therein.

### SIXTH CAUSE OF ACTION
**Unlawful and Unfair Business Acts and Practices**
**(Violation of California Business & Professions Code §17200, *et seq.*)**
(Against All Defendants)

68.    Answering Paragraph 68, Defendant realleges and incorporates by reference herein, as if set forth in full, its answers set forth in Paragraphs 1 through 67, above.

69.    Answering Paragraph 69, Defendant denies it engaged in unlawful or unfair business acts or practices.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies each and every allegation contained therein.

70.    Answering Paragraph 70, Defendant denies it engaged in unlawful or unfair business acts or practices.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies each and every allegation contained therein.

71.    Answering Paragraph 71, Defendant denies it engaged in unlawful or unfair business acts or practices.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies each and every allegation contained therein.

72.    Answering Paragraph 72, Defendant denies it engaged in unlawful or unfair business acts or practices.  Except as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the extent an answer is required, Defendant denies each and every allegation contained therein.

///

///

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

SDLIT\APRATER\364275.1

ANSWER OF DEFENDANT MORGAN SERVICES,
INC. TO PLAINTIFF'S COMPLAINT
Case No.:  08 CV 0806 WQH NLS

1    73.    Answering Paragraph 73, Defendant denies it has been unjustly enriched.  Except

2  as expressly denied, this paragraph calls for legal conclusions which require no answer, and to the

3  extent an answer is required, Defendant denies each and every allegation contained therein.

4    74.    Answering Paragraph 74, Defendant denies it engaged in unlawful or unfair

5  business acts or practices.  Except as expressly denied, this paragraph calls for legal conclusions

6  which require no answer, and to the extent an answer is required, Defendant denies each and

7  every allegation contained therein.

8    75.    Answering Paragraph 75, Defendant denies each and every allegation contained

9  therein.

10    76.    Answering Paragraph 76, this paragraph calls for legal conclusions which require

11  no answer, and to the extent an answer is required, Defendant denies each and every allegation

12  contained therein.

13                              **PRAYER FOR RELIEF**

14    77.    Answering Plaintiff and putative Class Members' Prayers "A" through "L,"

15  Defendant denies that this action can be maintained as a class action under Code of Civil

16  Procedure § 382.  Defendant further denies that Defendant has violated Labor Code §§ 1194,

17  226.7, 226, 201, 202, or Wage Order 6-2001, and therefore, denies that Plaintiff and putative

18  Class Members are entitled to any recovery, including but not limited to wages, penalties,

19  damages, including liquidated damages, any attorneys' fees and costs pursuant to Labor Code §§

20  218.5, 226, and 1194 and Code of Civil Procedure § 1021.5, or any other applicable law, interest,

21  or any other relief from the Court.  Moreover, Defendant denies that it has violated Business and

22  Professions Code § 17200 et seq.  Therefore, Defendant denies that Plaintiff and putative Class

23  Members are entitled to any restitution or injunctive relief under Business and Professions Code

24  §§ 17200-17205.  Except as expressly denied, this paragraph calls for legal conclusions which

25  require no answer, and to the extent an answer is required, Defendant denies generally and

26  specifically each and every allegation contained therein.

27  ///

28  ///

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER OF DEFENDANT MORGAN SERVICES,
INC. TO PLAINTIFF'S COMPLAINT
Case No.:  08 CV 0806 WQH NLS

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

## AFFIRMATIVE DEFENSES TO EACH AND EVERY CLAIM

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to set forth a case or controversy as required by Federal law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members lack standing to assert the claims herein as required by Federal law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred by the applicable statutes of limitations, including, but not limited to, the provisions of Code of Civil Procedure section 338, Labor Code section 203, and Business and Professions Code section 17208.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred because Defendant acted in good faith at all times.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred by Plaintiff and putative Class Members' failure to exhaust required administrative remedies.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff and putative Class Members are able to demonstrate that Defendant did not properly compensate Plaintiff and putative Class Members for the time worked, which Defendant expressly denies, Defendant is entitled to cure any such alleged improprieties by repaying any employees for such time made as part of the legally recognized "window of correction."

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred because Defendant fully performed all contractual, statutory, and other duties owed to Plaintiff and putative Class Members under applicable law.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

## NINTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred by the doctrine of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred by the doctrine of estoppel.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members' claims are barred by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members failed to properly mitigate the damages Plaintiff and putative Class Members seek, and are thereby precluded from recovering those damages, which could have reasonably been avoided by the exercise of due care.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members voluntarily, with full knowledge of the matters referred to in the Complaint, assumed any and all risks, hazards and perils of the circumstances referred to in Plaintiff and putative Class Members' Complaint and therefore assumed the risk of any damages sustained by Plaintiff and putative Class Members, if any at all.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff and putative Class Members failed to allege with specificity any acts or omissions by Defendant which proximately caused or which would cause damages, if any, to Plaintiff and putative Class Members.

## SIXTEENTH AFFIRMATIVE DEFENSE

The proposed class cannot be certified under Federal Rules of Civil Procedure Rule 23 because Plaintiff's allegations do not satisfy the requirements for certification.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Liability cannot be assessed against Defendant without individual testimony and evidence as to each proposed class member.

///

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members fail to identify an ascertainable class.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members' Complaint fails to show that the named representative will fairly and adequately protect the interests of the class, and therefore the Complaint should be dismissed as a class action.

**TWENTIETH AFFIRMATIVE DEFENSE**

The identification of the class in the Complaint is not sufficiently definite such that it can be determined whether or not a particular person is or is not a member.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members are not entitled to any statutory penalties because the alleged failure of Defendant to pay wages when due was not willful.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members' claims under Business and Professions Code section 17200, et seq. are barred because the conduct alleged falls within a safe harbor.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Defendant alleges that in the event Plaintiff and putative Class Members are found to be entitled to unpaid wages of any kind, which circumstances Defendant specifically denies, Defendant's failure to pay all wages was not willful, and that any failure of Defendant to pay wages due was based upon a good faith dispute as to the application of wage and hour laws applicable to Defendant's employees.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

California Business and Professions Code § 17200 is unconstitutionally vague in violation of Defendant's rights of due process and equal protection under the United States and California Constitution.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiff and putative Class Members are not entitled to any statutory penalties for meal and break periods because all meal and rest periods were made available and afforded to Plaintiff

1   and putative Class Members, and if any meal or rest periods were missed, it was because Plaintiff

2   and putative Class Members failed to avail themselves of this opportunity.

3   ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

4       Plaintiff and putative Class Members' claims are barred because all duties owed to

5   Plaintiff and putative Class Members, including but not limited to, contractual and statutory

6   duties have been fully performed by Defendant.

7   ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

8       Plaintiff and putative Class Members claims are barred because Plaintiff and putative

9   Class Members were treated fairly and in good faith, and all actions taken with regard to Plaintiff

10  and putative Class Members were taken for lawful business reasons and in good faith.

11  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

12      Assuming Plaintiff and putative Class Members are entitled to any overtime, Defendant is

13  entitled to a credit or offset against amounts overpaid to Plaintiff and putative Class Members in

14  the course of their employment.  This credit or setoff includes, but is not limited to, amounts

15  erroneously overpaid to Plaintiff and putative Class Members.  The claims of Plaintiff and

16  putative Class Members are barred because they would be unjustly enriched.

17  ### TWENTY-NINTH AFFIRMATIVE DEFENSE

18      If Plaintiff and putative Class Members are awarded damages based on the causes of

19  action alleged in the Complaint, their damages should be limited based on after-acquired evidence

20  discovered by Defendant, if any.

21  ### THIRTIETH AFFIRMATIVE DEFENSE

22      Plaintiff and putative Class Members are not entitled to the recovery of attorneys' fees

23  under Code of Civil Procedure section 1021 or any other provision of State law.

24  ### THIRTY-FIRST AFFIRMATIVE DEFENSE

25      Defendant alleges that the allegations and claims asserted in the Complaint and in each

26  purported cause of action alleged therein, have always been and continue to be frivolous,

27  unreasonable, and groundless, and therefore entitle Defendant to an award of attorneys' fees and

28  costs.

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

1

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

2    Defendant presently has insufficient knowledge or insufficient information upon which to

3    form a belief as to whether it may have additional, yet unasserted, affirmative defenses.

4    Defendant therefore reserves the right to assert additional affirmative defenses in the event

5    discovery indicates it would be appropriate.

6

7

**VIII.**
**PRAYER FOR RELIEF**

8

9    WHEREFORE, Defendant prays as follows:

10    1.    That Plaintiffs take nothing by way of this action;

11    2.    That the Complaint and action be dismissed with prejudice;

12    3.    That Defendant have judgment against Plaintiffs;

13    4.    That Defendant recover its costs of suit herein incurred, including reasonable

14    attorneys' fees; and

15    5.    For such other and further relief as the Court deems just and proper.

16

17    Dated: May 9, 2008                    BEST BEST & KRIEGER LLP

18

19                                          /s/ Arlene Prater
                                            ARLENE PRATER
20                                          ALISON D. ALPERT
                                            Attorneys for Defendant
21                                          MORGAN SERVICES, INC.

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

1

## CERTIFICATE OF SERVICE

2

3        The undersigned hereby certifies that all counsel of record who are deemed to have

4   consented to electronic service are being served with a copy of this document via the court's CM-

5   ECF system per Federal Rule of Civil Procedure 5(b)(2)(D).  Any other counsel of records will be

6   served by facsimile transmission and/or first class mail this 9th day of May, 2008

7

8                                    /s/ Arlene Prater

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEST BEST & KRIEGER LLP
ATTORNEYS AT LAW
SAN DIEGO

ANSWER OF DEFENDANT MORGAN SERVICES,
INC. TO PLAINTIFF'S COMPLAINT
Case No.:  08 CV 0806 WQH NLS