1  Jason E. Baker, Esq. (SBN: 197666)
   Brent Jex, Esq. (SBN: 235251)
2  **KEEGAN & BAKER, LLP**
   4370 La Jolla Village Drive, Suite 640
3  San Diego, CA 92122
   Telephone: (858) 552-6750
4  Facsimile:  (858) 552-6749

5

   Attorneys for Plaintiff and Class
6

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10 WILLIAM SWIMAN, individually and on ) Case No. 08cv806-WQH (NLS)
   behalf of all other persons similarly situated )
11 and on behalf of the general public,            ) **PLAINTIFF'S MEMORANDUM OF**
                                                   ) **POINTS AND AUTHORITIES**
12            Plaintiff,                           ) **SUPPORTING MOTION TO REMAND**
                                                   )
13      vs.                                        )
                                                   ) [Oral Argument Not Required]
14 MORGAN SERVICES, INC., an Illinois )
   corporation; and DOES 1 through 100, ) Date:          July 21, 2008
15 inclusive,                                      ) Time:          11:00 a.m.
                                                   ) Place:         Courtroom 4 (4th
16            Defendants.                          )                Floor)
   _____ ) Judicial Officer:   Hon. William Hayes

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO REMAND                                                    08cv806-WQH (NLS)

**TABLE OF CONTENTS**

I.    INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   NATURE OF THE CASE AND SUMMARY OF THE COMPLAINT.. . . . . . . . 1

III.  ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  THE DEFENDANT SEEKING REMOVAL HAS THE BURDEN OF
        PROOF TO DEMONSTRATE FEDERAL JURISDICTION.. . . . . . . . . . . 2

    B.  BECAUSE DEFENDANT HAS FAILED TO MEET ITS BURDEN
        OF PROOF THAT THE COURT HAS FEDERAL
        QUESTION JURISDICTION, THE COURT SHOULD ISSUE AN
        ORDER TO REMAND THIS CASE BACK TO THE STATE COURT.. . 4

        1.  Defendant Cannot Create A Federal Question Where None Exists
            By Invoking The "Artful Pleading" Doctrine To Create A
            Federal Question.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        2.  Defendant Cannot Create A Federal Question Where None
            Exists Because Plaintiff's Claims Are All Predicated On
            Defendant's Violation Of California Laws.. . . . . . . . . . . . . . . . . . . . 6

        3.  Defendant Cannot Create A Federal Question Where None
            Exists Because Defendant, As The Employer, Has The Burden
            Of Proving Plaintiff Is Exempt From Overtime Requirements.. . . . 7

        4.  Defendant Cannot Create A Federal Question Where None
            Exists Because Defendant Should Be Equitably Estopped
            From Claiming Plaintiff Is An Exempt Employee.. . . . . . . . . . . . . . 7

        5.  Defendant Cannot Create A Federal Question Where None
            Exists Because Defendant's Evidence Fails To Prove By
            A Preponderance Of Evidence That Plaintiff Is Exempt From
            Being Paid For Overtime.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    C.  BECAUSE DEFENDANT HAS FAILED TO MEET ITS BURDEN
        OF PROOF BY A PREPONDERANCE OF EVIDENCE THAT
        THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, THE
        COURT SHOULD ISSUE AN ORDER TO REMAND THIS CASE
        BACK TO THE STATE COURT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

        1.  Since Defendant's Own Calculations Show Plaintiff's Individual
            Claim Is Far Less Than $75,000, Defendant Fails To Prove
            By A Preponderance Of Evidence That The Court Has
            Diversity Jurisdiction.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

        2.  Defendant's Premature Argument Regarding Class Certification
            Does Not Change The Rule That Attorney Fees Are Allocated
            Among All Class Members When Considering Whether The
            Amount In Controversy Exceeds $75,000.. . . . . . . . . . . . . . . . . . . 11

D.  WHEN DEFENDANTS IMPROPERLY REMOVE A CASE TO FEDERAL COURT, PLAINTIFFS ARE ENTITLED TO THEIR COSTS IN MOVING TO REMAND. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

IV.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

**CASES**

*Abrego v. the Dow Chemical Co.*,
    443 F.3d 676 (9th Cir. 2006) .................................................. 1, 3

*Arco Envtl. Remediation, L.L.C. v. Dep't. of Health & Envtl. Quality of Mont.*
    213 F.3d 1108 (9th Cir. 2000)..................................................... 4, 6

*Baldwin v. Trailer Inns, Inc.*
    266 F.3d 1104 (9th Cir. 2001)......................................................... 7

*Bell v. Foster Poultry Farms*
    2007 WL 896119 (E.D. Cal. 2007)................................................. 7

*Borgeson v. Archer-Daniels Midland Co.*,
    909 F. Supp. 709, 713 (C.D. Cal. 1995)......................................... 3

*Brennan v. Valley Towing Co.*
    515 F.2d 100 (9th Cir. 1975)......................................................... 7

*Bright v. Bechtel Petroleum, Inc.*
    780 F.2d 766 (9th Cir. 1986)..................................................... 5, 7

*Brown v. Federal Express Corp.*,
    2008 WL 906517 (C.D. 2008)................................................... 1, 12

*Caterpillar Inc. v. Williams*
    482 U.S. 386, 392 (1987)............................................................. 4

*Cicairos v. Summit Logistics, Inc.*
    (2005) 133 Cal.App.4th 949.......................................................... 1

*Dalheim v. KDFW-TV*
    (5th Cir. 1990) 918 F.2d 1220....................................................... 7

*Daniels, et al. v. Philip Morris Companies, Inc.*
    18 F. Supp. 2d 1110, 1112 (S.D. Cal. 1998)................................ 2, 3

*Donovan v. Hamm's Drive Inn*
    661 F.2d 316, 317 (5th Cir. 1981).................................................. 7

*Emrich v. Touche Ross & Co.*
    846 F.2d 1190, 1195 (9th Cir. 1988).............................................. 2

*Ethridge v. Harbor House Rest.*
    861 F.2d 1389 (9th Cir. 1988)....................................................... 5

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*
    463 U.S. 1 (1983).......................................................................... 4

*Gaus v. Miles, Inc.*
    980 F.2d 564 (9th Cir. 1992)..................................................... 2, 3

*Gibson v. Chrysler Corp.*
    261 F.3d 927 (9th Cir.2001)........................................... 10

*Goldberg v. CPC International, Inc.*
    678 F.2d 1365 (9th Cir. 1982)......................................... 11

*Gotro v. R & B Realty Group*
    69 F.3d 1485 (9th Cir. 1995).......................................... 12

*Kanter v. Warner-Lambert Co.*
    265 F.3d 853 (9th Cir. 2001).......................................... 10

*Kanter v. Warner-Lambert*
    52 F.Supp.2d 1126 (N.D. Cal. 1999).................................... 11

*Klem v. County of Santa Clara*
    208 F.3d 1085 (9th Cir. 2000).......................................... 7

*Merrell Dow Pharms., Inc. v. Thompson*
    478 U.S. 804 (1986).................................................... 4

*Moore v. Permanente Medical Group, Inc.*
    981 F.2d 443 (9th Cir. 1992).......................................... 12

*Morrison v. Allstate Indem. Co.*
    228 F.3d 1255 (11th Cir.2000)...................................... 10, 11

*Moris v. Bridgestone/Firestone, Inc.*
    985 F.2d 238 (6th Cir. 1993).......................................... 12

*Nordquist v. McGraw-Hill Broadcasting Co.*
    32 Cal. App. 4th 555 (1995)....................................... 7

*Prize Frize, Inc. v. Matrix, Inc.*
    167 F.3d 1261, 1265 (9th Cir.1999)..................................... 3

*Rains v. Criterion Sys., Inc.*
    80 F.3d 339 (1996).................................................. 5, 6

*Redwood Theatres, Inc. v. Festival Enters., Inc.*
    908 F.2d 477 (9th Cir. 1990)........................................... 5

*Rogers v. City of San Antonio*
    392 F.3d 758 (5th Cir. 2004)........................................... 8

*Sanchez v. Monumental Life Ins. Co.*
    102 F.3d 398 (9th Cir.1996)............................................ 3

*Snow v. Ford Motor Co.*
    561 F.2d 787 (9th Cir. 1977).......................................... 10

*St. Paul Mercury Indemnity Co. v. Red Cab Co.*
    303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938)........................ 3

1 | *U.S. v. Georgia-Pacific Co.*
        421 F.2d 92 (9th Cir. 1970). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
2
  | *White v. Starbucks Corp.*
3 |       497 F.Supp.2d 1080 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

4 | **STATUTES**
  | 28 U.S.C.
5 |       § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
  |       § 1332(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
6 |       § 1441(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
  |       § 1447(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 12
7
  | Business & Professions Code
8 |       § 17200. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 6

9 | Code of Federal Regulations
  |       Title 49, Sections 395.1 to 395.13. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
10
  | Labor Code
11 |      § 201-203. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
  |       § 226. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
12 |      § 226.7. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
  |       § 1194. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiff William Swiman ("Plaintiff") respectfully submits this memorandum in support of his motion to remand his case back to the Superior Court of California, County of San Diego.

# I.
## INTRODUCTION

In removing this action from the San Diego Superior Court, Defendant attempts to take refuge in federal court, knowing that recent decisions by District Courts in the Central District and Northern District make federal courts a more sheltering forum than state courts for employers that deny their employees meal periods.[1]

Plaintiff now moves this Court to remand his case back to the California state court because the claims alleged against the named defendant, Morgan Services, Inc. ("Morgan Services") arise solely under state law, and there is no diversity of citizenship as between the named parties or federal question. Because the Court does not have subject matter jurisdiction over these claims, the Court should remand the case to state court pursuant to 28 U.S.C. § 1447(c).

# II.
## NATURE OF THE CASE AND SUMMARY OF THE COMPLAINT

Plaintiff's Complaint[2] alleges six causes of action predicated solely on violations of California law. Specifically, Plaintiff's Complaint alleges that Morgan Services violated California's laws regarding employee overtime and meal and rest periods, and seeks

---

[1] *Brown v. Federal Express Corp.*, 2008 WL 906517 (C.D. 2008); *White v. Starbucks Corp.*, 497 F.Supp.2d 1080 [an employer must only *offer* meal breaks, without forcing employers to actively ensure that workers are taking these breaks]. Compare *Cicairos v. Summit Logistics, Inc.* (2005) 133 Cal.App.4th 949, 962 [employers have **an affirmative obligation** to ensure that workers are actually relieved of all duty].

[2] Hereinafter all "Complaint" references shall be to the "Class Action Complaint for Damages and Injunctive Relief For: 1) Failure To Pay Overtime And Doubletime Compensation; 2) Waiting Time Penalties; 3) Failure To Provide Meal Periods; 4) Failure To Provide Rest Periods; 5) Failure To Furnish Accurate Wage Statements; and 6) Unlawful and Unfair Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq*.", filed on March 20, 2008 in the Superior Court of the State of California, for the County of San Diego, Case No. 37-2008-00080260-CU-OE-CTL.

injunctive relief for violations of California Business and Professions Code §§17200 *et seq*. Compl., ¶¶ 44-76. This class action is brought by a California resident on behalf of a putative class of California residents against Morgan Services, which operates in the state of California. Compl., ¶¶10, 14. Specifically, Plaintiffs' action is brought on behalf of a putative class defined as "all persons who were employed as a "Driver" at any Morgan work site in the State of California (the "Class") during the period commencing from April 1, 2004 up until the date of trial (the "Class Period")." Compl., ¶35. Morgan Services is qualified and registered to do business, and in fact does business, in the State of California, including controlling the employment and the method of payment of wages to Plaintiff and each member of the putative class in the State of California. Compl., ¶14.

To briefly summarize the allegations in the Complaint, Plaintiff alleges that Morgan Services failed to comply with California laws by failing to: 1) fully compensate its Drivers for all overtime and doubletime; 2) provide meal periods in which Drivers were relieved of all duties; and 3) permit appropriate rest periods in violation of the State of California's applicable Industrial Welfare Commission ("IWC") Wage Orders, section 512 of the California Labor Code and 8 California Code of Regulations § 11090. *See* Compl., ¶¶1-2.

### III.
### ARGUMENT

**A.  THE DEFENDANT SEEKING REMOVAL HAS THE BURDEN OF PROOF TO DEMONSTRATE FEDERAL JURISDICTION.**

A federal court may retain jurisdiction over a removed case only if jurisdiction existed over the suit as originally brought by the plaintiff. 28 U.S.C. § 1441(a). Remand may be ordered either for lack of subject matter jurisdiction or for "any defect in removal procedure." 28 U.S.C. § 1447(c). In response to a motion to remand under 28 U.S.C. § 1447(c), defendants, the parties who invoked federal jurisdiction, bear the burden of proving the existence of federal jurisdiction: the existence of diversity, the amount in controversy, or the federal nature of the claim. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988); and *Daniels, et al. v. Philip Morris Companies, Inc., et al.*, 18 F. Supp. 2d 1110, 1112 (S.D. Cal. 1998). Indeed, there

1  is a "strong presumption" *against* removal jurisdiction. *See*, *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999); *Gaus*, *supra*, 980 F.2d at 566; *Daniels*, *supra*, 18 F. Supp. 2d at 1112; and *Borgeson v. Archer-Daniels Midland Co.*, 909 F. Supp. 709, 713 (C.D. Cal. 1995).

The recent enactment of the Class Action Fairness Act ("CAFA") of 2005 (28 U.S.C. § 1332(d)) did not alter "the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction." *Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 686 (9th Cir. 2006) (per curiam).

In cases removed from state court, the removing defendant has "always" borne the burden of establishing federal jurisdiction, including any applicable amount in controversy requirement. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Where the complaint does *not* specify the amount of damages sought, the removing defendant must prove by a *preponderance of the evidence* that the amount in controversy requirement has been met. *Id.* at 566-67; *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir.1996) ("Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement.). In the Ninth Circuit, this standard applies only if the state court complaint does *not* specify the amount sought as damages.[3]

/ / /
/ / /
/ / /
/ / /

---

[3]   If the complaint filed in state court alleges damages in excess of the required federal jurisdictional amount, remand is warranted only if it appears to a "legal certainty" that the claim is actually for less than the jurisdictional minimum. *Abrego v. the Dow Chemical Co.*, 443 F.3d 676, 683 fn. 8 (9th Cir. 2006) (citing *Sanchez,* 102 F.3d at 402; and *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal")).

**B.   BECAUSE DEFENDANT HAS FAILED TO MEET ITS BURDEN OF PROOF THAT THE COURT HAS FEDERAL QUESTION JURISDICTION, THE COURT SHOULD ISSUE AN ORDER TO REMAND THIS CASE BACK TO THE STATE COURT.**

Defendant argues that this Court has federal question jurisdiction under 28 U.S.C. § 1331 because, to prove up his claim for unpaid overtime under California state law, Plaintiff will have the burden of proving that his employment is not subject to a federal exemption, i.e., it is not regulated by the Department of Transportation, Code of Federal Regulations, Title 49, Sections 395.1 to 395.13, *Hours of Service Drivers*. Defendant further claims that Plaintiff Swiman worked in interstate commerce because he transported customized shirts on their last leg of a continuous interstate transit. For the reasons discussed below, this argument is meritless.

**1.   Defendant Cannot Create A Federal Question Where None Exists By Invoking The "Artful Pleading" Doctrine To Create A Federal Question.**

"[F]ederal courts have jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Generally, courts determine the propriety of removal based upon federal question jurisdiction by considering the allegations on the face of the plaintiff's "well-pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As the master of the complaint, a plaintiff may defeat removal by foregoing independent federal claims for relief and asserting only state law causes of action.[4] *Arco Envtl. Remediation, L.L.C. v. Dep't. of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (citations omitted). Thus, federal question jurisdiction "may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

---

[4] Notably absent in Plaintiff's Complaint is even a **single** cause of action predicated on Defendant's breach of federal law, e.g., the Fair Labor Standards Act ("FLSA").

1    Defendant cites to *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir. 1986)("*Bechtel*") in its removal papers. *Bechtel* is inapposite because it dealt with the "artful pleading" of federal claims disguised as state law claims. The well-pleaded complaint rule does not apply when the plaintiff attempts to defeat removal by using "artful pleading" to disguise or conceal a federal claim as a state claim. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). "The 'artful pleading' doctrine has been described by the Ninth Circuit as a narrow exception to the straightforward rules of removal jurisdiction, where a court may recharacterize a plaintiff's claims as federal if the particular conduct complained of is governed exclusively by federal law." *Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990)(internal citations omitted). However, "[t]he artful pleading doctrine does not permit defendants...to rewrite a plaintiff's properly pleaded claim in order to remove it to federal court." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 344 (1996).

The present case is distinguishable from *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (9th Cir. 1986). In that case, the plaintiff brought an action against his employer in state court alleging that his employer had breached their employment contract by paying him less than required by the contract. *Id.* at 768. The plaintiff's cause of action arose because the IRS denied the plaintiff's exemption from federal withholding tax on his W-4 Form and ordered the defendant to withhold federal income tax from plaintiff's paycheck. *Id.* The defendant removed the case to federal district court alleging that plaintiff's action challenged the defendant's withholding of federal income tax from his paycheck, and thus, asserted a federal claim for relief. *Id.* at 769. The Ninth Circuit held that the defendant, "through background information ... demonstrated that [plaintiff], despite 'artfully pleading' his action as a breach of contract, in fact is challenging federal income tax withholding laws and regulations." *Id.*

Unlike *Bechtel*, here, the claims do not arise from Defendant's non-compliance with federal law, nor is their extrinsic evidence demonstrating that plaintiff's "true motive" is to bring a claim under federal law. To the contrary, Defendant brings extrinsic evidence in an

1  effort to create a federal question where none previously existed. Indeed, the Ninth Circuit has found no federal question jurisdiction in cases that involved significantly more federal issues than the case at bar. *See, e.g., Rains v. Criterion Systems, Inc.*, 80 F.3d 339 (9th Cir. 1996) [finding no federal question jurisdiction where plaintiff brought wrongful termination claim premised on defendant's alleged violation of Title VII of the Civil Rights Act of 1964].

Because this is not an instance where Plaintiff has "artfully plead" federal claims as state law claims, there is no federal question jurisdiction and the Court should remand this action back to the state court.

### 2. Defendant Cannot Create A Federal Question Where None Exists Because Plaintiff's Claims Are All Predicated On Defendant's Violation Of California Laws.

Plaintiff's Complaint contains six causes of action, all of which are predicated on Defendant's statutory violations of California laws. The Complaint contains no causes of action predicated on violation of federal labor laws. The First through Fifth Causes of Action are all predicated on Defendant's violations of California's Labor Code.[5] The Sixth Cause of Action is predicated on Defendant's violation of California's Unfair Competition Law.[6] All causes of action relate directly to Plaintiff's employment with Defendant. Because there are no "disguised" federal claims, the "artful pleading" doctrine is inapplicable to Plaintiff's Complaint, and, as the "master of the complaint," Plaintiff should be allowed to defeat removal by foregoing independent federal claims for relief and asserting only state law causes of action. *See Arco Envtl. Remediation, L.L.C. v. Dep't. of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1114 (9th Cir. 2000) (citations omitted).

Because all of Plaintiff's causes of action are based on Defendant's violations of California laws, and there are no claims based on violations of federal laws, there is no federal question jurisdiction and the Court should remand this action back to the state court.

---

[5] First Cause of Action: Lab. Code § 1194; Second Cause of Action: Lab. Code §§ 201-203; Third and Fourth Causes of Action: Lab. Code § 226.7; Fifth Cause of Action: Lab. Code § 226.

[6] Sixth Cause of Action: Bus. & Prof. Code §§ 17200 *et seq*.

MOTION TO REMAND                     6                     08cv806-WQH (NLS)

### 3. Defendant Cannot Create A Federal Question Where None Exists Because Defendant, As The Employer, Has The Burden Of Proving Plaintiff Is Exempt From Overtime Requirements.

Defendant, citing to *Bechtel*, supra, 780 F.2d at 769, acknowledges that "[u]nder the 'well-pleaded complaint' rule, the federal question, which invokes federal jurisdiction, must appear from the complaint **and not from any federal defense** [including preemption] the defendant might raise to defeat the claim." However, Defendant is incorrect in its position that the question of whether Plaintiff's employment is regulated by federal law is not raised as a defense. Indeed, federal case law holds that the defendant waives the Motor Carrier Exemption to overtime requirements *unless it is raised as an affirmative defense.* See, e.g., *Brennan v. Valley Towing Co.*, 515 F.2d 100, 104 (9th Cir. 1975); *Bell v. Foster Poultry Farms*, 2007 WL 896119 (E.D. Cal. 2007); *Donovan v. Hamm's Drive Inn*, 661 F.2d 316, 317 (5th Cir. 1981).

Indeed, the burden to establish exemption from overtime requirements is traditionally on the employer. *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1112 (9th Cir. 2001); *Klem v. County of Santa Clara,* 208 F.3d 1085, 1089 (9th Cir. 2000). Moreover, exemptions are to be "*narrowly construed against the employer*" and "limited to those employees plainly and unmistakably within their terms." *Nordquist v. McGraw-Hill Broadcasting Co.* (1995) 32 Cal. App. 4th 555, 562 (*citing Dalheim v. KDFW-TV* (5th Cir. 1990) 918 F.2d 1220).

Because Defendant, as the employer, bears the burden of establishing that Plaintiff was exempt from overtime requirements, or faces the prospect of waiving those exemptions as affirmative defenses, there is no federal question jurisdiction and the Court should remand this action back to the state court.

### 4. Defendant Cannot Create A Federal Question Where None Exists Because Defendant Should Be Equitably Estopped From Claiming Plaintiff Is An Exempt Employee.

Defendant's own pay stubs show that Defendant regularly paid Plaintiff overtime compensation, on a weekly basis. Swiman Decl. ¶3 and Exh. "A." As such, even if, *arguendo*, Plaintiff and Class members are exempt, because Defendant regularly paid Plaintiff and Class members overtime compensation, Defendant would be equitably estopped

1  from asserting that Plaintiff and Class members are exempt employees.

2      Equitable estoppel is a doctrine adjusting the relative rights of parties based upon consideration of justice and good conscience. *U.S. v. Georgia-Pacific Co.*, 421 F.2d 92, 95 (9th Cir. 1970). "Four elements must be present to establish the defense of estoppel: (1) The party to be estopped must know the facts; (2) he must intend that his conduct shall be acted on or must so act that the party asserting the estoppel has a right to believe it is so intended; (3) the latter must be ignorant of the true facts; and (4) he must rely on the former's conduct to his injury." *Id.*; *Rogers v. City of San Antonio*, 392 F.3d 758, 773 (5th Cir. 2004).

9      Here, all elements of equitable estoppel are present. As demonstrated by Defendant's Notice of Removal and supporting documents, Defendant claims to know that Plaintiff and Class members are exempt employees. Despite this knowledge, Defendant still paid Plaintiff overtime compensation. Swiman Decl. ¶3. Because Plaintiff regularly received overtime, he had a right to believe he was a non-exempt employee, and in fact did believe he was a non-exempt employee entitled to receive overtime compensation. Swiman Decl. ¶¶4, 5. Plaintiff was, at all times, ignorant of the fact that he may be an exempt employee for overtime purposes, and reasonably relied on Defendant's payment of partial overtime compensation, to his injury. Swiman Decl. ¶¶5, 6.

18      Thus, because Defendant would be equitably estopped from claiming Plaintiff and Class members are exempt employees for overtime purposes, Defendant cannot create a federal question where none existed, and the Court should remand this action back to the state court.

    **5.    Defendant Cannot Create A Federal Question Where None Exists Because Defendant's Evidence Fails To Prove By A Preponderance Of Evidence That Plaintiff Is Exempt From Being Paid For Overtime.**

24      Finally, Defendant fails to create a federal question by failing to meet its burden of proof by a preponderance of evidence that this action involves a federal question. Defendant attempts to create a federal question by submitting one declaration[7] purporting to state the

---

[7] Specifically, the Declaration of Glenn Teixeira, dated May 2, 2008.

1  Plaintiff and Class members deliver some specially ordered garments, mats and linen, where
2  these deliveries constitute the last leg of a continuous interstate transit originating at an out-
3  of-state manufacturing facility.  Defendant claims these facts demonstrate that Plaintiff and
4  Class members are engaged in interstate commerce and subject to federal regulation.  These
5  claims are controverted by Plaintiff's own evidence because Plaintiff denies ever delivering
6  any such interstate goods.  Swiman Decl. ¶¶7, 8.  Furthermore, a closer examination of
7  Defendant's evidence, as discussed further below, quickly reveals its many deficiencies.
8  The problematic nature of Defendant's evidence, coupled with contradictory evidence
9  submitted by Plaintiff, strongly suggests that Defendant fails to prove by a preponderance of
10 evidence that Plaintiff is exempt from being paid overtime.

11     First, although Glenn Teixeira claims to be the California General Manager in charge
12 of Defendant's California operations (Teixeira Decl. ¶2), Mr. Teixeira's declaration fails to
13 lay a sufficient foundation by stating facts sufficient to demonstrate the basis for Mr.
14 Teixeira's purported knowledge of the facts contained in his declaration.  For example,
15 significantly absent is any declaration by Mr. Teixeira concerning where he is employed or
16 officed, and the reader is left guessing if he is employed in Illinois (company headquarters),
17 Ohio (majority of Defendant's business), or California.  Indeed, Plaintiff never met Mr.
18 Teixeira and never saw him at the job site.  Swiman Decl. ¶8.  He fails to describe his duties
19 as California General Manager in charge of California operations, and it is unknown whether
20 his job duties include tasks that would give him personal knowledge of the purported fact
21 that Plaintiff and Class members' deliver goods that are part of interstate commerce.  It may
22 well be that Mr. Teixeira is primarily engaged in client development, forecasting, attending
23 executive meetings, or other tasks that would not give him personal knowledge of the facts
24 contained in his declaration.  Furthermore, Mr. Teixeira makes no declaration as to ever: a)
25 personally visiting the work site where Plaintiff was employed; b) meeting, supervising, or
26 interacting with Plaintiff; or c) personally witnessing the contents of Plaintiff's work trucks.
27     Another significant problem with Defendant's evidence is their lack of specificity
28 concerning the alleged goods in interstate commerce.  Mr. Teixeira's declaration is

particularly sparse in this aspect, declaring summarily that Plaintiff and Class members "delivered some specially ordered garments, mats and linen…where such deliveries constitute the last leg of a continuous interstate transit originating at an out-of-state manufacturing facility." Teixeira Decl. ¶6. This bare contention is a far cry from establishing, ***by a preponderance of evidence,*** that there is a significant federal question at issue. Defendant fails to offer evidence regarding how often Plaintiff transported such goods and what percentage of Plaintiff's total deliveries were comprised of these alleged interstate goods. Finally, Defendant fails to offer any evidence that these goods were indeed part of "a continuous interstate transit originating at an out-of-state manufacturing facility." Defendant fails to state the name and location of the alleged out-of-state manufacturing facility, and fails to offer any facts concerning how the alleged goods are transported.

Because Defendant's evidence fails to establish by a preponderance of evidence that a significant federal question exists, despite Defendant's attempt to create one by submitting a deficient declaration, the Court should remand this action back to state court.

**C.  BECAUSE DEFENDANT HAS FAILED TO MEET ITS BURDEN OF PROOF BY A PREPONDERANCE OF EVIDENCE THAT THE AMOUNT IN CONTROVERSY EXCEEDS $75,000, THE COURT SHOULD ISSUE AN ORDER TO REMAND THIS CASE BACK TO THE STATE COURT.**

The claims of each plaintiff against each defendant are considered separately. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 943 (9th Cir.2001). To find diversity jurisdiction, there must be at least one such individual claim that exceeds the $75,000 threshold. *Id.* Multiple claims could be combined only if they were joint or common claims. *Id. See*, *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1262 (11th Cir.2000)(aggregation permitted pre-CAFA only where plaintiffs suing to enforce single title or right in which they had a common and undivided interest). The Ninth Circuit does not permit the value of injunctive relief sought in a class action to be determined by examination of its potential aggregate cost to the defendant. *See*, *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 859 (9th Cir. 2001); *Snow v. Ford Motor Co.,* 561 F.2d 787, 789 (9th Cir. 1977) (holding that "if plaintiff cannot aggregate to fulfill the jurisdictional requirement of § 1332, then neither can a defendant who

1  invokes the removal provisions under § 1441."). The amount in controversy depends on the
2  nature and value of each Class member's separate claim. *See id.* Whether taken from the
3  perspective of the Class members or the defendant, the monetary value of the claims in this
4  matter "are so uncertain that the court cannot reasonably determine whether the amount of
5  moey placed in controversy by the present suit exceeds [the requisite amount in controversy]"
6  to establish federal jurisdiction by a preponderance of evidence. *See*, *Morrison v. Allstate*
7  *Indem. Co.,* 228 F.3d at 1269.

8  **1.    Since Defendant's Own Calculations Show Plaintiff's Individual Claim Is Far Less Than $75,000, Defendant Fails To Prove By A Preponderance Of Evidence That The Court Has Diversity Jurisdiction.**

10  Defendant admits in its Notice of Removal that the total value of Plaintiff's individual
11  claims, by Defendant's own calculations, is $16,153.00. Defendant attempts to get over the
12  $75,000 threshold by allocating ***all*** of the potential attorney fees in this case to Plaintiff's
13  individual claims, despite the fact that this case is brought as a representative action on behalf
14  of a putative class. This argument is meritless.

15  For class action cases, **attorneys' fees must be attributed to the entire class** - not
16  just the lead plaintiff - and are not treated as an undivided common fund to satisfy the
17  jurisdictional minimum. *Kanter v. Warner-Lambert*, 52 F.Supp.2d 1126, 1129 (N.D. Cal.
18  1999), citing *Goldberg v. CPC International, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982). As
19  such, it is clear that Defendant's argument allocating all attorney fees to one individual
20  Plaintiff is meritless. Because Defendant cannot establish that the amount in controversy for
21  the named Plaintiff exceeds $75,000, Defendant cannot create diversity jurisdiction where
22  none exists, and the Court should remand this action to the state court.

23  **2.    Defendant's Premature Argument Regarding Class Certification Does Not Change The Rule That Attorney Fees Are Allocated Among All Class Members When Considering Whether The Amount In Controversy Exceeds $75,000.**

26  Defendant attempts to avoid well-settled law regarding allocating attorney fees across
27  the entire class by prematurely arguing that Plaintiff's claims could not be certified as class
    claims. This argument is meritless.
28

Defendant cites to *Brown v. Federal Express Corp.*, 2008 WL 906517 (C.D. 2008) throughout its Notice of Removal to support its argument that the meal and rest period claims could not be certified. However, *Brown* did not hold that meal and rest period claims are ***never*** proper for certification. Rather, the Court held that a Plaintiff bringing these claims on a representative basis must be able to show common proof that would establish that the employer's policies prevent drivers from taking required breaks, regardless of their individual circumstances. *Id.* at 7. Although the plaintiff and class representative in *Brown* was unable to make this showing, Plaintiff is confident that he will be able to make the required showing in this action.

Because the argument regarding class certification is premature, and because *Brown* did not hold that meal and rest period claims can never be certified, Defendant cannot establish that the amount in controversy for the named Plaintiff exceeds $75,000, and therefore cannot create diversity jurisdiction where none exists. As such, the Court should remand this action to the state court.

### D. WHEN DEFENDANTS IMPROPERLY REMOVE A CASE TO FEDERAL COURT, PLAINTIFFS ARE ENTITLED TO THEIR COSTS IN MOVING TO REMAND.

Plaintiff also requests that this Court order, pursuant to 28 U.S.C. § 1447(c), that defendant pays Plaintiff's "just costs and actual expenses, including attorneys fees, incurred as a result of the removal." *See Moris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (6th Cir. 1993) ("a finding of an improper purpose is not necessary to support an award under" Section 1447(c)); *Gotro v. R & B Realty Group*, 69 F.3d 1485, 1488 (9th Cir. 1995); *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992) (an award under Section 1447(c) does *not* require a showing that the removal was "frivolous" or lacked an "objective reasonable basis").

/ / /

/ / /

/ / /

/ / /

## IV.
## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that his case be remanded to the Superior Court of the State of California for the County of San Diego and that he be awarded his costs and actual expenses, including attorneys fees, incurred as a result of the removal.

Dated: May 27, 2008                    **KEEGAN & BAKER, LLP**


 /s/ Brent Jex
Jason E. Baker, Esq.
Brent Jex, Esq.

Attorneys for Representative Plaintiff WILLIAM SWIMAN